### 306.　SCHOFIELD *v.* LITTLE.

RUSSELL, J. 1. A plaintiff in error who has excepted in a proper bill of exceptions to the denial of his motion for a new trial may, at the hearing in this court, assign error on exceptions taken pendente lite to the overruling of his demurrer to the plaintiff's petition, though no mention of this interlocutory matter be made in the final bill of exceptions, Such exceptions pendente lite, if transmitted in the record, having once been certified, need not be certified again.

2. When exceptions are made pendente lite to the ruling of the trial court, and error is not assigned thereon in the main bill of exceptions, error must be assigned, as to such interlocutory exceptions, before the beginning of the argument in this court, or, if there is no such argument, error may be assigned in the brief.

3. There was no error in overruling the demurrer. The petition set forth, as a cause of action, a contract of employment, with an implied assumpsit for the reasonable value of the plaintiff's service.

4. The extracts from the charge of the court to which exceptions are taken, numbered 1 to 6, when considered in connection with the entire charge, are not erroneous.

5. The charge of the court that "it is admitted by the defendant in this case that he (the defendant) owed the plaintiff for the trip to Milledge-

ville and attention to his brother while in jail" does not require a new trial, in view of the subsequent agreement of counsel for both parties that the defendant did make the admission as stated by the court. The admission is an abandonment of the contention of plaintiff in error on this point.

·6. To charge the jury that "a party to a contract has a right to recover when he has performed his services *in pursuance of* such agreement and contract" is equivalent to instructing the jury that the services must have been such as were called for by the contract, and must have been performed according to the terms of the contract. Both ideas are included in the words "in pursuance of."

·7. The jury having returned a verdict finding for the plaintiff without naming an amount, it was not error for the court to instruct the jury, before they retired to perfect such verdict, that their verdict in favor of the plaintiff should be "for such a sum as the evidence shows the services rendered by the plaintiff in the case were reasonably worth." Such instructions were harmless, as, by reasonable intendment, the verdict announced by the jury was a finding in favor of the plaintiff for the full amount sued for.

.8. Where the court in its charge fully defines to the jury the meaning of the contract and fully and fairly explains to them the contentions of both parties, as embodied in their respective understanding of its contents, the omission to further instruct the jury specially that they must determine what the contract was, its exact terms, the consideration, and the respective obligations, liability, and undertakings of each of the parties thereunder, is immaterial. The evidence for the plaintiff clearly establishing all of the essentials and the evidence for the defendant explicitly denying the same, the recital of the contentions of each party, fully and fairly, and appropriate instructions to the jury as to their finding in either event, dispensed with any statement that the jury should determine exactly what the contract was. If they believed the defendant, there was no contract as to the major portion of plaintiff's demand. If they believed the plaintiff, the court's rehearsal supplied the proper instructions.

·9. While no statute in Georgia allows or prohibits fees to expert witnesses, and while there can be no charge beyond the legal fees of ordinary witnesses for attendance on the court in obedience to subpœna, still, as a physician can not be required to make any examination or preliminary preparations, or to listen to the testimony, in order the better to give his opinion as an expert, he may for such services demand extra compensation.    *Judgment affirmed.*

Complaint, from city court of Macon—Judge Hodges. September 29, 1906.

Argued May 1,—Decided July 10, 1907.

*Miller & Jones,* for plaintiff in error.

*M. Felton Hatcher, Richard Curd,* contra.