SPILLAR v. DICKSON et al.

HILL, J. This was a complaint for land. Even if the documentary evidence objected to on the trial was of doubtful relevancy, such as the annual return of the administrator of the intestate under whom the defendant claimed as an heir at law, certain deeds from predecessors in title, etc., the court confined the issue before the jury to the one question which was controlling under the facts, namely, proof of bona fide, continuous possession of the land by plaintiffs under their vendor's deed for seven years, etc. (Civil Code, §§ 4164, 4169); and the admission of the evidence complained of was harmless.

2. A number of the grounds of the motion for a new trial were not argued, and will be considered as abandoned.

3. The request to charge which was refused by the court did not contain a correct statement of law applicable to the case.

4. The verdict was supported by the evidence.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 497.   MAY 15, 1918.

Complaint for land. Before Judge Mathews. Crawford superior court. June 28, 1917.

*W. J. Wallace,* for plaintiff in error. *L. D. Moore,* contra.

---

MORGAN v. MORGAN.

HILL, J. There being no exception to any ruling of the court pending the trial, and the evidence being sufficient to authorize the verdict, the judgment of the court overruling the motion for a new trial is

*Affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 519.   MAY 15, 1918.

Alimony. Before Judge Highsmith. Wayne superior court. June 23, 1917.

*Gibbs & Turner,* for plaintiff in error. *J. R. Thomas,* contra.