## 34454. WALKER v. SMITH.

CARLISLE, J. 1. Where W and S enter into an oral contract, by the terms of which W agrees to purchase and S agrees to sell a certain tract of land for an agreed price of $1800, payable $200 in cash, $700 in annual instalments of $100, and S agrees to accept a truck belonging to W valued at $900, and W pays the $200 and goes into possession of the land; and, subsequently, in an action by S against W on the contract, the only issue for determination is at what time the truck was to be delivered by W and accepted by S (W contending that the truck was delivered by him and accepted by S at the time of the transaction and then lent to him by S to transfer his household goods to the land, and S contending that the truck was not to be delivered by W or accepted by him until after the truck had been used to transfer the household goods, at which time it was to be delivered in "tiptop" shape, which it was not as the truck was wrecked by W in transferring the household goods); and where the evidence is conflicting upon this issue of the

**518**

time agreed upon for delivery and acceptance—this court will not disturb the verdict of the jury finding in favor of S's contention.

2. The granting of a mistrial on account of an allegedly improper remark by a witness is discretionary with the trial court, and this discretion will not be interfered with by this court unless it be shown that there has been an abuse of such discretion. *Yellow Cab Co.* v. *Adams*, 71 *Ga. App.* 404 (31 S. E. 2d, 195). And where, in such a case as is indicated in division 1, following the plaintiff's allegedly prejudicial statement as to his physical and financial misfortunes, the court immediately instructed the jury not to consider such statement in its determination of the case, the alleged error was cured, and no abuse of discretion otherwise appearing, the trial court did not err in refusing a mistrial on the grounds stated in special ground 5. *Grayhouse* v. *State*, 65 *Ga. App.* 853 (16 S. E. 2d, 787).

3. Special ground 6 of the motion for new trial, which complains that the court erred in its recharge to the jury, in not more clearly defining a contract, is so incomplete as to present nothing for consideration by this court. *Davis* v. *Guffey*, 196 *Ga.* 816 (2) (27 S. E. 2d, 689).

4. In such a case as indicated in division 1, the court's instruction: "What you have to decide now in this case is what the contract was, and then if there has been a delivery, the contract is that he was to accept the truck for nine hundred dollars value. If he has accepted it, then he can not recover nine hundred dollars. It doesn't make any difference what happened afterward, if he accepted it, if it was delivered and accepted by him, gentlemen, he can't recover nine hundred [dollars]" when viewed in the light of the charge as a whole—is not subject to the criticisms made in special ground 7, that it confused the jury as to the meaning of the terms "acceptance" and "delivery," or that it overlooked the necessity for a binding contract to be in existence prior to delivery and acceptance of the truck.

5. Where, in such a case as is indicated in division 1, following S's testimony that, after W "wouldn't do nothing [toward fixing the wrecked truck], I offered to pay him every penny of the two hundred dollars back and we would stop where we was at. He wouldn't do that. He wouldn't offer to do a penny no way on the truck toward fixing it," the plaintiff S testified, "I offered to leave it to disinterested men" such latter testimony did not show such an offer or proposition made with a view to compromise as to come within the prohibition of Code §38-408. The question of repairing the truck was entirely collateral to the issue of whether the defendant was or was not to have credit for it under the contract for the sale and purchase of the land.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 29, 1953.

*George L. Goode, A. C. Carson,* for plaintiff in error.
*Clete D. Johnson, Linton S. Johnson, A. S. Skelton,* contra.