## 41689.   LOGAN v. CHATHAM COUNTY.

BELL, Presiding Judge.   The controlling issues in this case are: (1) whether an expert real estate appraiser employed by one party to evaluate the worth of realty being condemned but who is not called by his employer to testify during the trial may be called as a witness by the opposite party and compelled to testify as to his opinion of the value of the property; and (2) assuming the answer to the first question is in the affirmative, is it proper for the party presenting the witness to query the witness regarding his employment by the opposite party?   (No question of discovery is involved in this case as the party in some way had secured knowledge of the identity of the appraiser who had been employed by the adversary and of the result of the appraisal.)

1. In the recent case of *Thornton v. State Hwy. Dept.,* 113 Ga. App. 351 (148 SE2d 66), Chief Judge Felton speaking for the court held that one party to a condemnation case may not by deposition or interrogatory ascertain from the other party the opinion of an independent expert appraiser employed and paid by the other party as to the value of the land being condemned and the value of the land remaining before and after taking.   The gist of the holding is that the discovery provisions of the Georgia law are not designed to force production of information relating to a party's expert appraisal of the property to be condemned in land condemnation cases.   *Thornton* did not hold, however, that the information was privileged.

We see no valid reason why an independent real estate appraiser, who has knowledge of the facts pertaining to realty being

condemned and who from that knowledge has applied his expertise and formed an opinion as to the value of the property, should not be subject to subpoena and offered as a witness by either party to the litigation, and that without regard as to which of the parties employed him to make the appraisal and paid his fee. The ultimate end of all litigation is the ascertainment and rendition of the truth. The truth can be determined only through the sworn testimony of witnesses. Thus, any person not privileged having knowledge of issues being tried should be made available to the parties as witnesses. Neither a real estate appraiser nor his opinion is privileged. While it is certainly true that a real estate appraiser cannot be compelled to expend his time and knowledge in making an appraisal and forming an opinion as to value without remuneration for his efforts, (*Schofield v. Little*, 2 Ga. App. 286 (58 SE 666)), nevertheless once he has made the appraisal and formed an opinion he may be compelled to testify at the instance of either party. As Judge Russell has stated, "Only when expressly provided by law can the privilege of a witness resist the demand of justice for the truth, and the witness refuse to answer a legal question. A physician is competent to testify as an expert, and no expert can refuse to testify because he has not been compensated or will not be compensated for his testimony. An expert testifying as a witness has no greater privilege than any other witness." *Dixon v. State*, 12 Ga. App. 17 (76 SE 794).

2. Although a question similar to the second one here was also present in the *Thornton* case, supra, the court expressly refrained from deciding the issue and limited its holding to the narrow notion that the witness did not have the information at hand by which he could refresh his lost recollection of the appraisal, which had been made some two years prior to trial, and concerning which the expert had no notes and had kept no record. Under those circumstances, in upholding the trial judge's refusal to allow the witness to testify, the court reasoned that the expert could have had no opinion but could only have "guessed" at value.

Here, the expert appraiser called by the condemnee had been employed and paid by the condemnor and had made an appraisal and formed an opinion as to the value of the property. The court did not refuse to allow the expert to testify

as the condemnee's witness but ruled in effect that all questions relating to the expert's employment by the condemnor would be irrelevant and inadmissible. In that ruling the trial court was imminently correct. Testimony as to the original employment was not pertinent to the issues in the case and if admitted over objection would have been prejudicial and harmful to condemnor and on appeal by condemnor would have constituted grounds requiring a reversal. Neither party to a condemnation case is bound by rejected opinions of expert witnesses employed by them to appraise realty being condemned and cannot be prejudiced by the admission in evidence of rejected appraisals made at their instance.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

ARGUED JANUARY 10, 1966—DECIDED APRIL 15, 1966.

*Frank S. Cheatham, Jr.,* for appellant.
*John W. Sognier,* for appellee.