## 49348. STROTHER v. SOUTH EXPRESSWAY RADIO et al.

PANNELL, Presiding Judge.

Appellant Strother brought an action against E. B. Galloway and Loell Davis, partners, doing business as South Expressway Radio, et al., and South Expressway Airport, Inc., also known as South Expressway Airport. It later appeared E. B. Galloway was President of South Expressway Airport, Inc., and the partnership was

composed of Davis and the corporation, and the case proceeded accordingly. The complaint alleging that on or about September 20, 1968, plaintiff and defendants entered into an oral agreement pursuant to which the defendants agreed to repair plaintiff's Aero Commander airplane. The complaint seeks recovery of $35,000 damage to the airplane because of alleged negligent, faulty and unskilled workmanship of the defendants, and also recovery of $4,500 for corrective repairs made to the airplane and $2,000 for time and expense in attempting to make said airplane airworthy. The complaint also seeks to recover $4,000 paid by the plaintiff to the defendants while they were in the process of repairing the airplane. The defendants denied the material allegations of the complaint and filed a cross claim seeking recovery for labor and materials used in doing the work agreed to be done, claiming a balance due of the sum of $9,478.99. The work under the agreement was never completed because complainant removed the airplane without consent or knowledge of the defendants and flew it out of the state. The jury rendered a verdict in favor of the defendants in amount of $4,410.34. The complainant appeals to this court enumerating error on the charge of the court, the overruling of a motion for mistrial and the alleged erroneous admission of certain documents and oral testimony. *Held:*

1. There was ample evidence that a contract to install equipment in the appellant's airplane was entered into, the work to be done at an hourly wage rate per man of $12, with the appellant to furnish certain of the equipment he desired to be installed and pay at list price for equipment he desired to be installed, but which he did not furnish, and for reassembling during the course of the work when appellant desired to use the airplane. The trial judge did not err in charging the jury on the theory of contract rather than quantum meruit.

2. Davis, one of the partners, testified that the hours worked on the appellant's airplane were kept daily by those persons doing the work on the airplane, this time being on what was referred to as a "scratch" sheet. This time was entered by Davis on a general record and entered on various work orders by Davis; and when

billing time arrived a cumulative report was made up by Davis and given to the bookkeeper who did the billing and made entries therefrom on the ledger sheets. All of these documents, with the exception of the ledger sheet, were in the witness' handwriting. All of these documents including the ledger sheet were identified by Davis as being kept in the usual course of business and the ledger sheet was identified by Galloway, President of South Expressway Airport, Inc., one of the partners, as being kept in the usual course of business and under his supervision, although he did not supervise the documents in Davis' handwriting. All of these documents were admissible in evidence under the Business Records Act (Ga. L. 1952, p. 177; Code Ann. § 38-711) and they were not inadmissible because they were self-serving declarations, nor were they inadmissible because the scratch sheets as to the working hours had been destroyed; this may have gone to their credit but not to their admissibility. Nor did the trial court err in permitting the witness Davis to read from the ledger sheet and in permitting him to testify, from the records made by him, as to the cumulative amounts shown from such records over the objection that he should not be permitted to testify except from his own recollection and knowledge.

3. There was no error in admitting in evidence a memorandum made by Davis as to the particular work to be done on the airplane, made at the time of the agreement, over the objection that such memorandum was self-serving.

4. The trial judge did not err in withdrawing from the jury consideration of the claim for "corrective repairs" to the airplane allegedly made by complainant. The only proof offered was a statement in that amount, part of which did not relate to correcting defendant's work. The evidence failed to disclose which portion did or did not relate to such work. The proof being insufficient, there was nothing to submit for jury determination thereon. See *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470 (193 SE2d 860).

5. A defendant partner, in response to a question as to whether the defendant partnership was still in

business, other testimony having been introduced on that point, answered in the negative and then volunteered: "The shop as small as it was, and as small as we were, cannot take a $10,000 loss and continue in business. It can't be done." The plaintiff moved for mistrial, which motion was overruled, and the trial judge ruled out the evidence and instructed the jury to disregard, and not in any way consider, the voluntary statement of the witness, and the motion was thereafter renewed and overruled. While ordinarily, the financial condition of a party is not involved in a case and is irrelevant, and under such circumstances such evidence is inadmissible (*Brackin v. Brackin,* 222 Ga. 226 (149 SE2d 485); *Smith v. Satilla Pecan Orchard & Stock Co.,* 152 Ga. 538, 545 (3) (110 SE 303); *Brunswick & Western R. Co. v. Wiggins,* 113 Ga. 842 (4) (39 SE 551); *Barnes v. Thomas,* 72 Ga. App. 827, 831 (35 SE2d 364)) we are of the opinion that the harm done here, if any, was cured by the instructions of the trial judge in the present case. See *Walker v. Smith,* 87 Ga. App. 517 (74 SE2d 374).

6. A dispute arose over the failure of the complainant to turn over to the defendants a manual and other documents containing certain information as to the installations and distribution of weight in the airplane. There was a dispute as to whether it was in the airplane or not at the time it was delivered for the work to be done. This alleged failure to deliver these documents occasioned an extra charge. Witness Galloway had testified as to certain Federal Aeronautics Administration regulations at the time and the requirements thereto as to these documents and papers. No objection was made to this testimony. Later, objection was made to the introduction of a printed copy of the regulations dated 1970, with the regulations orally testified about marked therein, which copy of the regulations was admitted over the objections that the requirements of introducing such regulations had not been met (what these requirements were, not being stated at the time of objection) and that the work was done in 1968 and 1969. Oral evidence of the contents of the regulations having been admitted without objection, the subsequent admission of the marked portions of the

regulations comporting with the oral testimony is harmless error. See in this connection *Eiberger v. Martel Electronic Sales,* 125 Ga. App. 253 (187 SE2d 327); *Smith v. Smith,* 125 Ga. App. 257 (187 SE2d 330).

7. A single counsel represented all the alleged appellee defendants. At the commencement of the trial, appellant called Galloway, President of South Expressway Airport, Inc., for cross examination, at the conclusion of which counsel for appellees was permitted to cross examine defendant Galloway in behalf of codefendant Davis over the objections of the appellant. Under the ruling in *Akridge v. Atlanta Journal Co.,* 56 Ga. App. 812, 816-818 (194 SE 590) we find no abuse of discretion on the part of the trial judge in permitting the cross examination in behalf of Davis. That the attorney was also the attorney for the witness Galloway would not require a different ruling. Id.

8. No error appearing, the judgment must be affirmed.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

ARGUED MAY 10, 1974 — DECIDED SEPTEMBER 10, 1974 — REHEARING DENIED OCTOBER 1, 1974 —

*Scheer & Elsner, Robert A. Elsner,* for appellant.
*Albert E. Wallace, Wm. R. L. Latson,* for appellees.