### 61509. MOORE et al. v. BENEFICIAL FINANCE COMPANY OF GEORGIA.

BIRDSONG, Judge.

The trial court granted summary judgment to Beneficial Finance Co. of Georgia (lender) in the amount of $487.35, which

represents the alleged principal balance of a note owed by Curtis and Virginia Moore and which judgment by its sum excludes any interest carried by the note. Curtis and Virginia Moore appeal, contending that as the lender failed to prove prima facie that it was licensed under the requirements of the Georgia Industrial Loan Act (GILA) at the time of this loan contract's execution on October 9, 1978, the contract is "null and void" and that the GILA penalty provision in operation at that time (Ga. L. 1978, pp. 1033, 1034), expressly requires forfeiture of principal as well as interest. *Held:*

1. Inasmuch as both parties expressly recognize the obvious, that in granting the lender judgment for only $487.35 as the alleged principal balance unpaid and in striking any interest, the trial court adopted the borrower's claim that the loan contract was in violation of the GILA, we find it unnecessary to determine whether for any reason proposed by the borrowers the contract was illegal under the GILA. What is "null and void" for one reason is no more null or void if two reasons are given, and hence we see the only real question here as whether the 1978 GILA penalty provision (Ga. L. 1978, pp. 1033, 1034), in effect when this loan contract was executed, operates to require forfeiture of the principal of an illegal loan contract. We think it is clear that whatever may have been the law prior to *Southern Discount Co. v. Ector,* 246 Ga. 30 (268 SE2d 621), that case requires us to answer this question in the negative.

The terms of the 1978 penalty provision amendment provide that "any loan contract made in violation of this Act shall be null and void; provided, however, that there shall be no forfeiture of the principal amount of the loan contract if the lender shows by a preponderance of the evidence that the violation is the result of a bona fide clerical or typographical error." We do not, as do the appellants, see this 1978 provision as one requiring forfeiture of principal in cases where a bona fide clerical or typographical error is not shown. In 1920 the legislature expressly provided for forfeiture of both principal and interest in an illegal loan contract (Ga. L. 1920, pp. 215, 219) but has since eschewed such language in favor of merely calling the illegal contract "null and void." (Ga. L. 1955, pp. 431, 444; Ga. L. 1980, pp. 1784, 1785; Code Ann. § 25-9903 (a)). Meanwhile, our courts continued to exact the extreme penalty of total forfeiture (see *Hodges v. Community Loan &c. Corp.,* 234 Ga. 427 (216 SE2d 274), overruled by *Ector,* supra), notwithstanding what Judge Evans of this court (quoting Justice Nisbet in *Culbreath v. Culbreath,* 7 Ga 64, 67), described as "that naked and changeless equity which forbids that one man should retain the money of his neighbor, for which he paid nothing, and for which his neighbor received nothing: an equity which is natural — which savages understand [and] which cultivated

reason approves . . ." (*Hobbiest Financing Corp. v. Spivey,* 135 Ga. App. 353, 356 (217 SE2d 613)).

We conclude that those words in the 1978 amendment providing that "there shall be no forfeiture of the principal . . . if the lender shows . . . the violation is the result of a bona fide clerical or typographical error" are at best a restriction on an implicit legislative concession to whatever the courts might make of the "null and void" provision in that statute. The Supreme Court in *Ector,* in a case involving a 1977 industrial loan contract which had been held illegal under an act providing that such contracts are "null and void" (Ga. L. 1955, pp. 431, 440; 1964, pp. 288, 291; 1975, pp. 393, 394; 1977, p. 288), reversed *Hodges,* supra, insofar as that case authorized forfeiture of the principal of loans under the GILA. Thus, the law today is that the "null and void" provision of the GILA does not work the penalty of forfeiture of principal as well as interest. We do not perceive that the additional language in the 1978 enactment ("provided, however, there shall be no forfeiture of principal amount of the loan if the . . . violation is the result of a bona fide clerical or typographical error") means affirmatively that there *shall* be a forfeiture of principal in the absence of such bona fide error. If the legislature had meant to provide such a penalty itself, it must have clearly and forthrightly provided it, as it did in 1920 (Ga. L. 1920, pp. 215, 219). Otherwise, we will not read into the statute a forfeiture that was not clearly and expressly included in its terms; forfeitures and penalties are not favored and statutes relating to them must be strictly construed, and in a manner as favorable to the person against whom the forfeiture or penalty would be exacted as is consistent with fair principles of interpretation. 37 CJS 9, Forfeitures, § 4 (b), and see *Ector,* supra, Division 2. We therefore hold that the 1978 GILA penalty enactment did not provide for a forfeiture of principal on an illegal loan contract, and according to the decision in *Ector,* supra, the statutory rendering of such contracts "null and void" did not work such a forfeiture. The trial court in this case did not err in giving summary judgment to the lender in the amount of the principal balance of the loan.

2. The lender's affidavit on motion for summary judgment averred that the Moores had paid $303 towards the loan obligation; the Moores' affidavit in response averred they had paid "approximately $346." We do not, as the lender encourages us to do, interpret the words "approximately $346" to constitute an admission that the Moores had paid $303; on its face the Moores' statement is in disagreement with the lender's averment and thus creates an issue of fact. The trial court therefore erred in rendering summary judgment in the precise amount stated, and we remand that issue for further determination below.

*Judgment affirmed in part; reversed in part and remanded with direction. Shulman, P. J., and Sognier, J., concur.*

DECIDED MAY 15, 1981 —

*Carmen L. Valpey-Toussignant, Paul Kauffman, John Cromartie, Charles M. Baird,* for appellants.
*Douglas N. Campbell, G. Ray Warner,* for appellee.
*W. Rhett Tanner,* amicus curiae.