### 61677. GEORGIA POWER COMPANY v. GREEN.

SHULMAN, Presiding Judge.

Georgia Power Company, condemnor, brings this appeal from a judgment awarding appellee-condemnee $35,000 in compensatory damages. We affirm.

1. Appellant complains of the trial court's refusal to strike certain testimony. The testimony at issue concerned the consequential damage to a portion of condemnee's property by virtue of its position contiguous to the condemned property of another

landowner. The witness, over defense objection, was permitted to testify to the consequential damages that would arise from an easement on an adjacent landowner's property — damages that were not consequential to the taking of appellee's property.

Appellant contends that in the instant eminent domain proceeding, appellee was only entitled to recover those consequential damages which arose out of the actual taking of his property. That being so, appellant contends that testimony regarding consequential damages nonrelated to the actual taking of appellee's property was improper and should have been stricken.

While we agree that the testimony should have been excluded (see in this regard *Ga. Power Co. v. Bray*, 232 Ga. 558, 560 (207 SE2d 442), holding that "consequential damages cannot be awarded in an eminent domain case to contiguous tracks of land which have different ownership from the tract in which the taking occurs"), we cannot agree that the court's failure to strike the testimony constituted reversible error.

The trial court correctly instructed the jury as to the relevant issues and law concerning the damages recoverable to appellant, thereby restricting their consideration to appropriate issues and evidence. We hold, under the circumstances, that the error in the court's failure to strike the testimony was harmless. See, e.g., *Spillar v. Dickson*, 148 Ga. 90 (1) (95 SE 994); *Conant v. Jones*, 120 Ga. 568 (7) (48 SE 234).

2. Appellant contends that the trial court erred in denying its motion for mistrial, which was premised upon the following language in the closing remarks of counsel for the appellee: "In conclusion, Ladies and Gentlemen, I can't tell you the importance of your decision for Mr. Green [the appellee]. The Georgia Power Company has litigated this case, as the Court will charge you. It was considered by a Special Master first, it was then considered by you as the jury, and it may go on. Georgia Power Company, if I may be permitted to say so, has a bottomless pit for financing this kind of litigation."

Appellant objected to counsel's reference to Georgia Power's "bottomless pit" as inflammatory and highly prejudicial. We would agree with appellant's objection to such remarks but do not find reversible error, since counsel for the appellant repeated the remark and used it to his advantage in his closing argument to the jury, in which he made the following statement: "We hear about these rate increases. I don't like it because the current's going up and fuel costs are going up and gasoline costs are going up. But I want to ask you one question. Who ultimately pays this bill? Who ultimately pays this bill? When you say Georgia Power Company has a bottomless pit, does that mean that you and I have a bottomless pit that we can pay

whatever rates are necessary to pay exhorbitant prices to get land?"

Although appellee's argument that appellant waived any objection by failing to renew its motion for mistrial is without merit in light of Code Ann. § 81A-146 (b), we find that appellant, by repeating and expanding upon the complained of remark, impliedly waived any objection to counsel for the appellee's reference to Georgia Power's "bottomless pit." See generally *Brackin v. Brackin,* 222 Ga. 226 (2) (149 SE2d 485); *Srochi v. Kamensky,* 121 Ga. App. 518 (174 SE2d 263). See also *Ga. Power Co. v. Redman,* 137 Ga. App. 427 (3) (224 SE2d 477), holding that references to financial disparity do not necessitate the grant of a mistrial.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MAY 15, 1981 —
REHEARING DENIED JUNE 2, 1981 ▮▮▮▮▮▮▮▮▮

*J. C. Owen, Jr., Samuel A. Murray,* for appellant.
*A. A. Sharony, Charles C. Pritchard,* for appellee.