## 62979. SHERRILL v. MARTIN.

SHULMAN, Presiding Judge.

Martin, as executrix of the estate of Leonard, brought suit against Sherrill for past due rent. In his answer, Sherrill pleaded a set-off by virtue of certain notes executed by Leonard. This appeal is from a judgment based on a jury verdict in favor of Martin.

1. Sherrill's defense of set-off was based on three notes purportedly executed by Leonard. Martin attacked the validity of the notes by means of a questioned document examiner. In effect, Martin was utilizing a non est factum defense. Three of appellant's enumerations of error address the trial court's refusal to direct a verdict for defendant at the close of all the evidence. The bases for the motion and for appellant's arguments on appeal are that there was no evidence to show that the notes were altered after being signed and that appellee had withdrawn her plea of non est factum, leaving the signatures on the notes established as a matter of law. We find no error in the trial court's ruling.

A. Relying on *Thrasher v. Anderson,* 45 Ga. 538, appellant argues that there exists a presumption that alterations in a document were made prior to its signing and argues further that there was no evidence in this case to rebut that presumption. We find appellant's argument unpersuasive for two reasons. First, that presumption arises "in the absence of a denial of the instrument under oath. . ." *Overcash v. First Nat. Bank,* 115 Ga. App. 499, 503 (155 SE2d 32). In the present case, appellee filed a verified reply to appellant's answer. In that reply, appellee denied the authenticity of the signatures and the validity of the notes. It follows, therefore, that the presumption relied upon by appellant never arose. Second, there was sufficient evidence, in our view, of alteration and forgery to take the notes in question out from under the presumption if it had arisen.

B. The other basis for appellant's claim that he should have

been granted a directed verdict is his assertion that, under Code Ann. § 109A-3—307, the signatures were deemed admitted by appellee's failure to plead the affirmative defense of non est factum. Even assuming appellee was required to plead the defense (but see *Spurlock v. Commercial Banking Co.,* 151 Ga. App. 649 (3b) (260 SE2d 912)), the short answer to appellant's assertion is that appellee did set up her defense in the pleadings. After appellant filed his answer, alleging an indebtedness to him based on the notes, appellee filed an amendment to her complaint. In that amendment, appellee did two things: she struck one count of her complaint and she filed a reply to appellant's answer. Subsequently, appellee filed two amendments to her complaint. In each of them, appellee amended the complaint but made no reference to the reply. Appellant has apparently assumed that the reply was made a part of the complaint and that failure to reallege the defenses raised in the reply amounted to a waiver of those defenses. We view appellee's pleadings more leniently. Construing her pleadings in her favor, as we must (*Riviera Equipment, Inc. v. Omega Equip. Corp.,* 147 Ga. App. 412, 416 (1) (249 SE2d 133)), we hold that the reply appellee filed was not a part of the complaint and was not affected by appellee's amendments to her complaint. Therefore, the signatures were not deemed admitted and appellee was entitled to present evidence of the alterations and forgery which she contended voided the notes.

2. Appellant's fourth and final enumeration of error concerns a deposition taken by appellee's attorney. Appellee filed a notice that the deposition of a questioned document examiner would be taken and that his deposition would be taken ". . . as a witness and as an agent of the Defendant herein. . ." Appellant filed a motion for a protective order, contending that the witness had been retained by appellant for preparation for trial and that the witness' deposition could be taken by appellee only upon a showing of exceptional circumstances as required by Code Ann. § 81A-126 (b)(4)(B). The trial court denied the protective order and the deposition was taken. No representative of appellant was present at the taking of the deposition. Appellant subsequently sought to bar the use of the deposition at trial on the ground that it had not been signed by the witness. The trial court overruled appellant's objections to the use of the deposition. Our review of statutory authority convinces us that the trial court was correct in its denial of a protective order, but erred in admitting the deposition into evidence.

A. Appellant's argument that the deposition should not have been taken because there was no showing of the exceptional circumstances required by Code Ann. § 81A-126 (b)(4)(B) is based on the assumption that the deposition was taken for purposes of

discovery. However, the notice served on appellant clearly indicated that the document examiner was to be deposed as a *witness.* Therefore, we hold that the requirements of Code Ann. § 81A-126 (b)(4)(B) did not apply and there was no necessity that appellee show exceptional circumstances to authorize the taking of the deposition.

B. Appellant also argues that the admission into evidence of the deposition was error because the deposition was not signed by the witness and appellant did not waive the signing by the witness. Code Ann. § 81A-130 (e) provides that a deposition shall be submitted to the witness for examination and shall be signed by the witness. The only statutory exceptions to the signing requirement are when the witness is ill, or cannot be found, or refuses to sign, or when "the parties by stipulation waive the signing. . ." Code Ann. § 81A-130 (e). In this case, the certificate of the court reporter recited that signing of the deposition was waived, but it appears on the record that there was no appearance for the defendant. Furthermore, counsel for appellant filed objections to the deposition and expressly denied having waived the signing requirement. Appellant's objections were timely filed and should not have been overruled. It follows that the admission of the deposition into the record was error.

However, we do not find the error to require reversal under the circumstances of this case. Another questioned document examiner testified to the same conclusions reached by the deponent. That testimony was admitted without objection. That being so, the error in admitting the evidence was harmless. *Converse v. O'Keefe,* 148 Ga. App. 675 (2) (252 SE2d 92).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 23, 1982—
REHEARING DENIED MARCH 10, 1982 — ▇▇▇▇▇▇▇▇

*Frank M. Gleason, John W. Davis, Jr.,* for appellant.
*W. Ralph Hill, W. Ben Ballenger,* for appellee.