### 68586. POLSTON v. LEVINE.

Banke, Presiding Judge.

During the pendency of a "slip-and-fall" action against Columbia Management Corporation, which is not a party to this appeal, the appellant subpoenaed her physician, Dr. Allan Levine, to provide deposition testimony regarding the extent of her injuries. Accompanying the subpoena was a check for $10, tendered as a witness fee. Dr. Levine refused to accept this payment and on the date of the deposition informed appellant's counsel that he would expect payment of his standard deposition fee, calculated at the rate of $275 for the first hour or portion thereof. The deposition proceeded without payment of any fee and was completed in less than 30 minutes.

Approximately a month later, on September 28, 1983, Dr. Levine filed a motion to compel the appellant to pay him $275 for his services as an expert witness. Thereafter, on October 4, 1983, the appellant dismissed the suit against Columbia Management Corporation with prejudice, having reached a settlement in the case. On November 30, 1983, the trial court entered an order requiring the appellant to pay Dr. Levine the $275, plus attorney fees in the amount of $750. This appeal followed. *Held:*

1. The trial court was authorized to compel payment of a reasonable expert-witness fee pursuant to OCGA § 9-11-26 (b) (4), which provides, in pertinent part, as follows: "TRIAL PREPARATION; EXPERTS. Discovery of facts known and opinions held by experts, otherwise discoverable under paragraph (1) of subsection (b) of this Code section and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows: (A) . . . (ii) A party may obtain discovery under Code Section 9-11-30, 9-11-31, or 9-11-34 from any expert described in this paragraph, the same as any other witness, but the party obtaining discovery of an expert hereunder must pay a reasonable fee for the time spent in responding to discovery by that expert, subject to the right of the expert or any party to obtain a determination by the court as to the reasonableness of the fee so incurred."

We reject the appellant's contention that this subsection applies only to discovery sought from experts who have acquired or devel-

oped their knowledge regarding the case in anticipation of litigation or in preparation for trial and not where, as in the present case, the expert is already cognizant of the relevant facts before litigation is contemplated. In a case such as the one before us, such an interpretation of the statute would result in extensive litigation over the collateral issues of when the plaintiff first formed the intention to sue and when the expert first became aware of that intention, all for no purpose other than possibly to defeat the expert's claim for reasonable compensation for his services as an expert.

"It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature." *New Amsterdam Cas. Co. v. Freeland*, 216 Ga. 491, 495 (117 SE2d 538) (1960). "The construction must square with common sense and sound reasoning." *Blalock v. State*, 166 Ga. 465, 470 (143 SE 426) (1928). In accordance with these principles, we hold that OCGA § 9-11-26 (b) (4) (A) (ii) applies to all discovery obtained from an expert as an expert in anticipation of litigation or trial. The appellant's reliance on *Logan v. Chatham County*, 113 Ga. App. 491 (1) (148 SE2d 471) (1966), is misplaced, as that case held that an expert could be compelled to testify *at trial*, rather than on discovery, on the same basis as any other witness. The holding in *Sherrill v. Martin*, 161 Ga. App. 558 (2) (A) (288 SE2d 648) (1982), is also inapposite as it involved construction of OCGA § 9-11-26 (b) (4) (B) rather than OCGA § 9-11-26 (b) (4) (A).

2. Because the motion to compel payment was already pending when the voluntary dismissal was filed, we hold that the dismissal of the main action did not divest the trial court of jurisdiction to rule on the motion. The motion to compel payment asserted an existing claim against the appellant which was analogous to a counterclaim or a third-party motion to intervene, and such claims cannot be defeated by the simple expedient of voluntarily dismissing the main action. See *Worthen v. Jones*, 240 Ga. 388 (240 SE2d 842) (1977); OCGA § 9-11-41 (a). To hold otherwise would be to undermine the purpose of OCGA § 9-11-26 (b) (4), supra, which clearly contemplates that controversies concerning expert-witness fees will be resolved by the trial court in proceedings ancillary to the litigation in which they arise.

3. We reject the appellant's argument that Dr. Levine was required to file a motion to intervene in the case pursuant to OCGA § 9-11-24 in order to assert his claim for the witness fee. That code section applies by its terms only where a specific statutory right to intervene has been created or where the party seeking to intervene asserts a claim or interest which is related to the subject matter of the existing litigation. We also reject the appellant's contention that she was entitled to a jury determination of the reasonableness of the fee.

The statute, OCGA § 9-11-26 (b) (4), sets forth no such right, nor is such a right guaranteed by the Georgia Constitution. "[I]n civil actions the [constitutional] right of a jury trial exists only in those cases where the right existed prior to the first Georgia Constitution, and the Constitution guarantees the continuance of this right unchanged as it existed at common law." *Bell v. Cronic*, 248 Ga. 457, 458 (283 SE2d 476) (1981). Accord *Hudson v. State*, 248 Ga. 397 (4) (283 SE2d 271) (1981).

4. Although the award of $275 exceeded the guidelines set forth in the "Principles Governing Physician-Attorney Relationships" promulgated jointly by the State Bar of Georgia and the Medical Association of Georgia in 1980, we cannot say, on the basis of the record before us, that the fee was prohibitively excessive or that the trial court abused its discretion in making the award. However, we hold that the trial court did exceed its authority in awarding attorney fees. No statutory authority for such an award is contained in OCGA § 9-11-26; and OCGA § 9-11-37 (a) (4), upon which the appellee relies, applies only to motions to compel responses to discovery. There being no statutory basis for the award of attorney fees for the expenses of obtaining an order directing payment of an expert-witness fee, that portion of the trial court's award is accordingly reversed. The order is otherwise affirmed.

5. The appellee's motion for imposition of damages for filing a frivolous appeal is denied.

*Affirmed in part and reversed in part. Pope and Benham, JJ., concur.*

DECIDED JULY 5, 1984 —
REHEARINGS DENIED JULY 24 AND AUGUST 20, 1984 —

*Julian M. Treadaway, Al Johnson*, for appellant.
*Michael W. Higgins, Jane F. Thorpe, Kathy L. Portnoy*, for appellee.