71759. NATIONWIDE MUTUAL INSURANCE COMPANY
v. WHITEN et al.
71760. WHITEN et al. v. MILLER et al.
(346 SE2d 914)

McMURRAY, Presiding Judge.

This lawsuit arose out of an automobile collision which occurred on May 25, 1982. It was alleged that an automobile driven by plaintiff. Robert Whiten was struck by an automobile negligently driven by defendant Larry Miller. Actual and general damages were sought by Robert Whiten against defendant. Josephine Whiten, wife of Robert Whiten, joined the lawsuit as a party plaintiff and sought damages for loss of consortium.

The Whitens were insured by Nationwide Mutual Insurance Company ("Nationwide"). The policy of insurance which was issued by Nationwide to the Whitens provided for uninsured motorist coverage. Because defendant Larry Miller was uninsured at the time of the collision, plaintiffs served Nationwide, their uninsured motorist carrier, with a copy of the complaint. Nationwide filed an answer to the complaint in its own name and it proceeded to defend the lawsuit. No answer was filed by defendant Larry Miller and he made no appearance in the case. Following discovery, the case proceeded to trial. The jury returned a verdict against plaintiff Josephine Whiten upon her claim for loss of consortium. However, a verdict was rendered in favor of plaintiff Robert Whiten for actual damages as follows: $6,492.54 (general damages), $1,336.62 (medical expenses) and $939.84 (loss of wages). The parties stipulated that the entire amount of medical ex-

penses and $400 of the lost wages awarded to plaintiff Robert Whiten should be written off in accordance with the Georgia Motor Vehicle Accident Reparations Act. OCGA § 33-34-3 (d) (1). See in this connection *McGlohon v. Ogden*, 251 Ga. 625 (308 SE2d 541). Judgment was entered accordingly. Thereupon, Nationwide moved for a new trial. The motion was denied and Nationwide appealed. A cross-appeal was filed by plaintiffs. *Held*:

1. During direct examination, plaintiff Robert Whiten testified that he and his wife visited a psychiatrist (actually, the practitioner was a psychologist) because they had encountered sexual problems as a result of Robert Whiten's injuries. Plaintiffs' counsel asked why plaintiffs only visited the psychiatrist on one or two occasions and plaintiff responded that he could not afford to return to him. Thereupon, counsel for Nationwide moved for a mistrial on the ground that plaintiffs prejudicially injected their economic status into the lawsuit. See *Smith v. Satilla Pecan Orchard &c. Co.*, 152 Ga. 538 (3) (110 SE 303). The trial court overruled the motion for mistrial. It did not instruct the jury to disregard the statement of the witness. See in this connection *Strother v. South Expressway Radio*, 132 Ga. App. 771, 773 (209 SE2d 93). The trial court ruled, however, that Nationwide was entitled to cross-examine plaintiff Robert Whiten concerning his averment that he could not pay the specialist for services rendered. See in this regard *Johnson v. Bryant*, 178 Ga. App. 327 (343 SE2d 397). Nationwide sought no additional ruling by the court. Rather, Nationwide took up the gauntlet and questioned plaintiff at length concerning the availability to him of no-fault benefits.

In its first enumeration of error, Nationwide contends the trial court erred in failing to grant its motion for mistrial or, alternatively, by failing to take appropriate corrective action with regard to the prejudicial evidence. We disagree. The trial court did not abuse its broad discretion in refusing to grant a mistrial. See *Georgia Power Co. v. Redman*, 137 Ga. App. 427, 429 (3) (224 SE2d 477). In closing argument, counsel for Nationwide suggested to the jury that plaintiffs could have returned to the "psychiatrist" if they wanted to because the bills would have been paid by Nationwide. Thus, he asserted: "[T]hat is not why Mr. Whiten or Mrs. Whiten didn't go back to Dr. Clark, because they couldn't afford it. That statement was made in an attempt to gain your sympathy and to prejudice you in some way against this insurance company that has got this barrel full of Yankee money . . ." Under the circumstances of this case, we do not think the corrective action taken by the trial court was improper. See *Johnson v. Bryant*, 178 Ga. App. 327, supra. See also *Georgia Power Co. v. Green*, 158 Ga. App. 717, 718 (2) (282 SE2d 145) (by repeating and expanding upon improper remark during closing argument, counsel impliedly waived any objection). Nationwide's first enumeration of er-

ror is without merit.

2. In his closing remarks to the jury, plaintiffs' counsel said: "You remember what I told you in my opening statement about Nationwide. Mr. Miller, if he is uninsured, Mr. Whiten has an opportunity to file a lawsuit against Mr. Miller and in the event that you all return a verdict, whatever that is, we will have to be paid by Nationwide and that is why they have made an appearance . . ." Thereupon, counsel for Nationwide interjected the following: "[Plaintiffs' counsel] has made a misstatement when he tells the jury that whatever verdict is returned against Mr. Miller has to be paid by Nationwide. That is a misstatement. That is outside of the evidence and it is very misleading . . ." Nationwide moved for a mistrial. It contended that plaintiffs' counsel invited the jury to render a large verdict because the tab would be paid by an insurance carrier. The trial court took the motion under advisement. It proceeded to instruct the jury that "It is for the jury to determine whether or not the argument of counsel is based upon the evidence that you have heard during the trial." No further instruction was given by the court. In his closing remarks counsel for Nationwide continued the argument set forth in Division 1 of this opinion. He stated: "Just unload on the insurance company. The only money they have is what the public pays them in the way of premiums. What you pay in Cobb County is based on the expenditures made in Cobb County and what the people in Gwinnett County pay is based on the loss ratio in Gwinnett County. If you want to go back and return a verdict just because it is an insurance company and because they have got a lot of money, all it is going to do is just cause insurance costs to go up again." After the jury returned its verdict, the trial court denied Nationwide's mistrial motion.

Under the facts and circumstances of this case, we cannot say the trial court abused its discretion in denying Nationwide's motion for mistrial. Assuming, arguendo, the remarks of plaintiffs' counsel were prejudicial, any objection to the remarks was waived impliedly when Nationwide's counsel made his closing comments. See *Georgia Power Co. v. Green*, 158 Ga. App. 717, 718 (2), supra.

3. Because the parties stipulated that medical expenses and lost wages should be reduced in accordance with the Georgia Motor Vehicle Accident Reparations Act, the trial court instructed the jury as follows: "If your verdict is one finding that the plaintiff Robert Whiten is entitled to medical expenses and lost wages, the Court instructs you at this time that you are to determine from the evidence the full amount of any lost wages or medical expenses that may have been incurred by the plaintiff as a result of the injury. That is, you are to disregard any testimony in the case in regard to any recovery that the plaintiff may have had from other collateral sources in regard to lost wages or medical expenses. I am instructing you, if you return

a verdict for medical expenses and lost wages to determine the full amount of lost wages and medical expenses and return that in the case, if you return a verdict for those items." The jury was given a verdict form which contained, inter alia, blank spaces for pain and suffering damages, medical expenses and lost wages. The jury returned a verdict in favor of plaintiff Robert Whiten for pain and suffering damages in the amount of $6,492.54. The verdict form indicated that plaintiff was not entitled to recover medical expenses or lost wages. After reviewing the verdict, the court inquired as to whether the jury intended to deny plaintiff a recovery for medical expenses and lost wages. The foreman responded: "It seems that the jury thought that all of that had been paid by the insurance company." Thereupon, the court stated: "The court instructed the jury to return a verdict to include those amounts even though they were paid. Did the jury not understand that instruction?" When the foreman replied that there was in fact a misunderstanding, the court continued: "I will ask you to return to the jury room and I instruct you that your verdict should include, if you found from the evidence that there were damages for medical expenses and damages for lost wages, that your verdict should include those amounts and should be set out for each of those items." Counsel for Nationwide objected to the fact that the trial court resubmitted the question of damages to the jury. The objection was overruled and the jury returned its verdict for general damages, medical expenses and lost wages.

Under the facts and circumstances of this case, we find no error. It was proper for the court to call the jury's attention to an evident mistake and to have the jury retire to correct the verdict. *Blalock v. Waldrup*, 84 Ga. 145 (2) (10 SE 622). See also *Mitchell v. Langley*, 143 Ga. 827 (2) (85 SE 1050). Moreover, contrary to Nationwide's contention, the trial court did not err by failing to instruct the jury that it could reduce the amount of general damages (which it had already found) when it returned to the jury room. General damages and special damages are separate and distinct types of damage. OCGA § 51-12-2. The recovery of one type of damage should have no effect upon the other.

4. Plaintiffs sought bad faith damages against Nationwide pursuant to OCGA § 33-7-11 (j). The trial court ruled that the bad faith claim was pursued properly in the action against the uninsured motorist. See *McCall v. Allstate Ins. Co.*, 251 Ga. 869 (310 SE2d 513). However, the trial court held that the bad faith issue should be separated from the other claims brought by plaintiffs. Thus, the trial court determined that any adjudication of the bad faith claim would have to await the jury's verdict. When the jury returned its verdict in favor of Nationwide upon the loss of consortium claim brought by plaintiff Josephine Whiten, the trial court ruled that plaintiff's bad

faith claim failed as a matter of law. In the cross-appeal, it is only contended that the trial court erred in dismissing Robert Whiten's claim for bad faith. Error is not enumerated by the plaintiff wife as to the verdict in favor of defendant on plaintiff wife's loss of consortium claim. In a nutshell, the argument presented on appeal is that Robert Whiten's bad faith claim cannot be negated by an adverse ruling upon his wife's loss of consortium claim. We disagree.

A review of the record demonstrates that plaintiffs together presented a demand to Nationwide that their claims be settled *in the aggregate* for $5,500. Nationwide made a counteroffer which plaintiffs rejected. The case proceeded to trial and the jury rendered its verdict in favor of plaintiff husband and against plaintiff wife. We agree with the trial court that the jury's verdict conclusively demonstrates an absence of bad faith on the part of Nationwide. Since plaintiffs made their demand in the aggregate and since plaintiff wife's claim failed, it cannot be said that Nationwide refused to pay plaintiffs in bad faith.

*Judgments affirmed. Banke, C. J., Deen, P. J., Birdsong, P. J., Pope and Benham, JJ., concur. Sognier, J., concurs in the judgment only. Carley and Beasley, JJ., concur in part and dissent in part.*

CARLEY, Judge, concurring in part and dissenting in part.

I agree with the majority's resolution of the main appeal (Case No. 71759) and in the rationale therefor as set forth in Divisions 1, 2 and 3 of the majority opinion. However, because I believe that the trial court erred in failing to submit to the jury the question of plaintiff's entitlement to bad faith damages under OCGA § 33-7-11 (j), I must dissent to the affirmance of the cross-appeal. (Case No. 71760.) The majority holds that because the parties, in negotiating for a pretrial settlement, treated the husband's claim and the wife's claim collectively, the verdict against the wife's claim demanded a conclusion as a matter of law that the refusal of the insurer to pay the loss within 60 days was not in bad faith. There is absolutely no authority for the position taken by the majority. In the first place, this is not one of the cases coming under statutory provisions specifically conditioning a recovery of an extra amount upon the excess of a verdict over an offer. See, e.g., OCGA § 51-12-14. Furthermore, the plaintiff-husband received a verdict in the amount of $6,492.54 general damages, $1,336.62 medical expenses, and $939.84 loss of wages. The amount of the verdict exceeded any demand by the plaintiffs and was greatly in excess of any offer made by the insurer. In any event, the record contains ample evidence from which a factfinder could determine that the insurer acted in bad faith in refusing to pay the claims made. Because I believe it cannot be said as a matter of law that plaintiff-husband is not entitled to bad faith damages, I must dissent to that portion of the majority opinion.

I am authorized to state that Judge Beasley joins in this opinion.

Decided June 30, 1986.

*Jonathan C. Peters, William D. Strickland*, for appellant (case no. 71759).
*Robert A. Falanga*, for appellees.
*Robert A. Falanga*, for appellant (case no. 71760).
*Malcolm S. Murray*, for appellees.