## 75637. NATIONWIDE MUTUAL INSURANCE COMPANY v. GLACCUM.
(366 SE2d 772)

McMURRAY, Presiding Judge.

This discretionary appeal is an offshoot of an automobile negligence action which appeared in this court previously. See *Nationwide Mut. Ins. Co. v. Whiten*, 179 Ga. App. 544 (346 SE2d 914). We granted this appeal to determine whether a subpoenaed witness was entitled to additional compensation for his testimony.

Robert Whiten brought suit against Larry Miller seeking damages for injuries sustained in an automobile collision. Nationwide Mutual Insurance Company ("Nationwide"), Whiten's uninsured motorist carrier, defended the lawsuit in its own name. As the case proceeded to trial, Nationwide served a subpoena upon Dr. John C. Glaccum, a chiropractor who treated Whiten for his injuries. Contemporaneously, Nationwide tendered to Dr. Glaccum the witness fee and mileage for travelling expenses. See OCGA § 24-10-24.

Thereafter, in a letter dated April 26, 1984, Dr. Glaccum notified Nationwide that his fee for attending court would be $2,000 and that Nationwide would have to agree to pay that fee if he was to make an appearance. Nationwide did not agree to pay Dr. Glaccum any additional compensation. Nevertheless, Dr. Glaccum appeared in court upon the trial of the case. He was called to the witness stand by Whiten and Nationwide cross-examined him. After the trial, Dr. Glaccum sent Nationwide a "final bill" demanding payment of $1,932.

Relying upon OCGA § 24-10-4, Nationwide moved for an order requiring Dr. Glaccum to pay Nationwide the sum of $8,000 (four times the amount initially claimed by Dr. Glaccum). The motion was accompanied by the affidavit of Malcolm S. Murray, Sr., counsel for Nationwide. In his affidavit, Murray deposed that as counsel for Nationwide he caused a subpoena to be served on Dr. Glaccum; that Dr. Glaccum was not asked by Nationwide to examine Whiten or review Whiten's records "or do anything else in preparation for testifying at the trial of [the] case"; that Dr. Glaccum was paid $40 (representing the statutory fee for one day in court plus mileage); that Dr. Glaccum demanded $2,000 "in advance from the law firm of Murray and Temple as a condition to his appearing as a witness"; that after appearing as a witness in the case, Dr. Glaccum demanded payment of $1,932; and that "if sworn as a witness . . . [Murray] could and would competently testify to the facts set out in the foregoing affidavit from personal knowledge."

Dr. Glaccum moved to disqualify Murray as counsel for Nationwide. In this regard, he asserted that Murray could not be both advocate and witness.

Opposing Nationwide's motion under OCGA § 24-10-4, Dr. Glaccum submitted his own affidavit. Therein, he deposed that he is a licensed Georgia chiropractor; that chiropractors charge a witness fee "based on an hourly rate of income"; that he charges $200 for the first hour of testimony and $100 for each succeeding hour; and that because he was subpoenaed by Nationwide, he was forced to close his office for a total of 13.5 hours on four different days (March 12, 1984, September 13, 1984, January 14, 1985, and January 17, 1985).

The trial court denied Nationwide's motion under OCGA § 24-10-4. It ruled that Dr. Glaccum appeared at trial as an expert witness

and that, therefore, he was entitled to be compensated as an expert. In light of its ruling, the trial court determined that Dr. Glaccum's motion to disqualify counsel was moot. *Held*:

1. In view of the fact Dr. Glaccum was not asked to conduct any preliminary examination or review of his records in order to better give his opinion as an expert, he was not entitled to demand extra compensation for attendance in court pursuant to the subpoena. See *Schofield v. Little*, 2 Ga. App. 286, 287 (9) (58 SE 666); *Dixon v. State*, 12 Ga. App. 17 (2) (76 SE 794). Compare *Logan v. Chatham County*, 113 Ga. App. 491 (1) (148 SE2d 471), with *Polston v. Levine*, 171 Ga. App. 893 (1) (321 SE2d 350). As it is said, "[A]n expert cannot refuse to testify and be qualified as an expert witness because he has not been and will not be compensated as an expert. He must obey a subpoena just as any other witness. However, if an expert is required to testify for the usual witness fee of $10.00 a day, you are likely to get about $10.00 worth of testimony." Agnor's Ga. Evidence 195, § 9-5.

2. In view of our ruling in Division 1, we reverse and remand this appeal to the trial court for reconsideration of Nationwide's motion made pursuant to OCGA § 24-10-4. We note that in order to reconsider Nationwide's motion the trial court should of necessity first reconsider Dr. Glaccum's motion to disqualify counsel which the trial court previously ruled as moot.

*Judgment reversed and case remanded. Birdsong, C. J., Banke, P. J., Carley and Sognier, JJ., concur. Deen, P. J., Pope, Benham and Beasley, JJ., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

1. I concur in Division 1. Dr. Glaccum was subpoenaed by defendant not to give opinion testimony as an expert witness to assist the jury in understanding of matters outside common knowledge, but as a physician who had rendered medical treatment to plaintiff for injuries for which he claimed damages in this personal injury suit. Neither did defendant call him to the witness stand to testify as an expert witness; instead, plaintiffs called him, apparently to testify about the treatment and also to give his opinion as an expert. Since he did not fill any expert witness role for defendant, such as reviewing plaintiff's medical records as an independent practitioner, or providing discovery so as to be entitled under OCGA § 9-11-26 (b) (4) (C), he was not entitled to compensation from defendant for fulfilling such a role. *Schofield v. Little*, 2 Ga. App. 286, 287 (9) (58 SE 666) (1907).

He was, of course, entitled to the statutory witness fees, which defendant paid. OCGA § 24-10-24.

2. I respectfully depart from the majority opinion with respect to the remand on the trial court's ruling denying defendant Nation-

wide's motion for fees pursuant to OCGA § 24-10-4. The trial court was correct, but for a different reason, and there is thus no necessity for a further hearing. *Orkin Exterminating Co. v. Walker*, 251 Ga. 536, 539 (2c) (307 SE2d 914) (1983); *Farmer v. Argenta*, 174 Ga. App. 682, 684 (331 SE2d 60) (1985).

The basis for the trial court's denial was that the witness was entitled to the fees claimed, so obviously the penalty provided by OCGA § 24-10-4 would not apply. The reason it does not apply, however, given our ruling in Division 1, is that the witness did not make an "unjust" claim.

There was a legal issue, based on a good faith argument, as to whether the physician-witness was entitled to expert witness fees from the party who subpoenaed him. The trial court concluded that he was, and we conclude that as a matter of law he was not. This itself illustrates the legitimacy of the good faith characterization of the claim. How could the trial court on remand, then, find that his claim was "unjust?" The primary question was *whether* he was due any expert witness fee from the party from which he sought it, and only if that were answered affirmatively, then *how much* he was due.

Nothing in the plain language of OCGA § 24-10-4 indicates an intention to penalize a witness who asserts a fee claim about which there is a legitimate legal dispute of his entitlement *vel non*. Moreover, since it does more than compensate "the injured party" and in fact provides it with a bonus or windfall, this civil statute should be strictly construed against the penalty. *Moore v. Beneficial Fin. Co.*, 158 Ga. App. 535, 537 (1) (281 SE2d 293) (1981). Additionally, in fairness, the penalty of OCGA § 24-10-5 should be imposed only where a witness has no valid or good faith legal argument why additional fees should be paid. Only in those instances can it be said that the claim was made "unjustly." Otherwise, the penalties imposed by this statute present an unfair and costly gamble for one who asserts a claim in good faith but who ultimately loses that claim.

Consequently, there is no further necessity to consider the motion. This renders moot Dr. Glaccum's motion to disqualify counsel from testifying as to the facts surrounding the fee claim, as it was held to be by the trial court.

I am authorized to state that Presiding Judge Deen, Judge Pope, and Judge Benham join in this opinion.

DECIDED FEBRUARY 15, 1988 —
REHEARING DENIED MARCH 2, 1988 — 

*Malcolm S. Murray, William A. Dinges*, for appellant.

*Robert A. Falanga, Edward J. Walsh,* for appellee.