A90A1924, A90A1925. INTERNATIONAL SERVICE INSURANCE COMPANY v. HARTER; and vice versa.
(398 SE2d 705)

BEASLEY, Judge.

Tony Rodney Windom was driving a pickup truck which he did not own when he was involved in a multi-vehicle collision. He was killed and plaintiff Deborah Harter was injured. The pickup truck was insured by Cotton States Mutual Insurance Company and the uninsured motorist carrier for Deborah Harter's car was defendant International Service Insurance Company.

By pretrial order, the parties agreed that the negligence and damages issues would be tried by jury and the insurance coverage issue would be tried by the court. International contended that it did not provide coverage. The jury returned a verdict of $15,000 for plaintiff Harter, thus finding fault on the part of Windom.

The second phase of the trial commenced immediately, and Harter sought to prove that Cotton States did not insure against the *collision* because the truck had been stolen by Windom and the policy expressly excluded such situations. Harter did not have proper evidence but only affidavits of the owner and his wife plus hearsay evidence of ownership and lack of permission. Her counsel explained to the court that they had just learned in the last day that the stolen vehicle exclusion would be International's defense and that it was abandoning its cancellation of the policy defense. He asked for permission to leave the record open to take the depositions of the owner and his wife, to be used as evidence, and the court acceded. Three times the court reiterated this. The last time was at the end of the proceeding, when the court said that Mr. Purvis should have been present "[b]ut, in the interest of arriving at the truth, I'm gonna give [plaintiff's counsel] a chance to take his deposition." No objection to this procedure was registered by defendant International, and the court recessed with the request that the parties advise the court whether another hearing would be needed.

One week later the court entered a judgment which stated: "The above case having been tried by a jury on March 9, 1990, and the jury having returned a verdict in favor of the plaintiff in the amount of $15,000.00, it is hereby ordered and adjudged that the plaintiff recover from the defendant, . . ., the sum of $15,000 plus court costs." Defendant filed a notice of appeal on April 16, and the two depositions were apparently taken on April 20.

Deborah Harter, the cross-appellant, has filed a "motion to remand to trial court for completion of trial." It is patent that the judgment is not final, as it relates only to the jury verdict portion of the trial and does not determine the coverage issue. The court did not have the depositions for which it had left the record open, nor was there an opportunity for the hearing it offered. Thus the record was not closed.

No application for an interlocutory appeal was filed, nor was a certificate for immediate review obtained, pursuant to OCGA § 5-6-34 (b). Since what is appealed from is not a final judgment, so that it is not subject to direct appeal as provided by OCGA § 5-6-34 (a) (1), the appeal is premature and must be dismissed. The cross-appeal falls with it.

*Appeals dismissed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 20, 1990 —
REHEARING DENIED NOVEMBER 6, 1990 —

*Kennedy, Lewis, Smart & Brannon, Charles W. Brannon, Jr.,* for

appellant.

*Richard Phillips*, for appellee.