A91A0696. NATIONWIDE MUTUAL INSURANCE COMPANY v. GLACCUM.
(407 SE2d 90)

SOGNIER, Chief Judge.

This litigation arose out of an automobile collision. See *Nationwide Mut. Ins. Co. v. Whiten*, 179 Ga. App. 544 (346 SE2d 914) (1986). In a second appearance of these parties before this court, we were called upon to review the trial court's ruling that Dr. Glaccum, a chiropractor who had treated the plaintiff in the original negligence action and testified at trial, was not required to pay Nationwide, the original plaintiff's uninsured motorist carrier, four times the amount requested by him as his witness fee as a penalty, under OCGA § 24-10-4, for unjustly claiming more than he was due as a witness. *Nationwide Mut. Ins. Co. v. Glaccum*, 186 Ga. App. 148 (366 SE2d 772) (1988). The trial court had ruled that Dr. Glaccum was entitled to additional compensation for his testimony because he was an expert witness. The trial court had also declared moot the chiropractor's motion to disqualify the insurance company's counsel, made on the ground that counsel had submitted an affidavit in support of the insurer's motion for the OCGA § 24-10-4 penalty, setting forth the facts upon which the motion was based, and in addition had averred that " 'if sworn as a witness . . . [counsel] could and would competently testify to [those facts] from personal knowledge.' " *Glaccum*, supra at 149.

We held in *Glaccum*, supra, that the uninsured motorist carrier was not liable for an expert witness fee because although the chiropractor was called to testify as an expert witness by the *plaintiff*, he did not fill any expert witness role for the carrier, but rather was subpoenaed as a fact witness. Accordingly, we reversed the trial court's ruling and remanded the case to the trial court for reconsideration of the insurer's motion for payment of the statutory penalty. We noted "that in order to reconsider Nationwide's motion the trial court should of necessity first reconsider Dr. Glaccum's motion to disqualify counsel which the trial court previously ruled as moot." *Glaccum*, supra at 150 (2). On remand from this court, appellant moved for an order entering judgment in its favor on its motion for the penalty.

The trial court did not rule on appellant's motion, but instead entered an order expressing uncertainty as to the meaning of this court's opinion in *Glaccum*, supra.

OCGA § 5-6-34 (a) (1) provides that appeals may be taken from final judgments — that is, where the case is no longer pending in the court below. Because appellant's motion is still pending in the trial court, the order entered by the trial court is not a final judgment, but a request by the trial court for clarification. Since it is not a final order, it is not directly appealable, and as the procedure for interlocutory appeal has not been complied with, the appeal must be dismissed. See generally *International Svc. Ins. Co. v. Harter*, 197 Ga. App. 481, 482 (398 SE2d 705) (1990).

We note that we have carefully reviewed our opinion in *Nationwide*, supra, and find no confusion therein, but find clear our direction to the trial court.

*Appeal dismissed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 20, 1991.

*Murray, Temple & Dinges, William D. Strickland*, for appellant. *Edward J. Walsh*, for appellee.