## BARRETT & CASWELL *vs.* PULLIAM, justice.

1. Since the act of February 25, 1876, a justice of the peace is subject to be ruled in the superior court for refusing or neglecting to collect or pay over money which he may have collected or received in his official capacity.

2. In all interpretations of acts of the legislature, the code requires that the courts shall look diligently for the intention of the general assembly, keeping in view at all times the old law, the evil and the remedy, that grammatical errors shall not vitiate, and that a transposition of words and clauses may be resorted to when the sentence is without meaning as it stands.

3. Whether it is constitutional for one part of the judicial system of the State to be ruled and punished by another branch thereof, is not decided, as the question was not made in this court.

4. A rule against an officer for failure to collect money is a suit or action, and must contain every allegation necessary to show the right of the plaintiff to recover. Therefore, where a rule was moved against a justice of the peace, the plaintiff alleging merely that the justice had failed and refused to enter up a judgment and issue execution upon a claim placed in his hands, although the justice answered denying these facts, and upon a traverse the issue was found in favor of the plaintiffs, there was no error in refusing to make the rule absolute, there being no allegation to show any loss or damage to the plaintiffs by reason of the failure, refusal or neglect of the magistrate.

December 7, 1886.

Rule. Justices and Justice Courts. Code. Officers. Constitutional Law. Laws. Construction. Pleadings. Before Judge FAIN. Gordon Superior Court. February Term, 1886.

Reported in the decision.

R. J. McCamy; E. J. Kiker, for plaintiffs in error.

W. C. Glenn, for defendant.

Blandford, Justice.

The plaintiffs in error moved a rule against defendant, in the superior court, to show why he should not pay over to plaintiffs the amount of a certain claim which they had placed in defendant's hands for collection as a justice of the peace, by reason of his having failed to collect the same. The justice of the peace answered the rule; this answer was traversed by movants; and the jury, on the trial of this issue, found the same in favor of plaintiffs. The court refused to make the rule absolute, and this is assigned as error. The record does not disclose upon what ground the court refused to make the rule absolute.

1. By the acts of 1820, Cobb's Digest, 649, and act 1839, *Id.* 651, it is provided that justices of the peace and constables shall be so far considered officers of the superior court as to be subject to be ruled, under similar regulations as are therein provided in relation to any other officer of said court, and shall be subject to all the pains and penalties as are therein provided in case of a rule absolute against sheriffs and other officers of said court, when they, or either of them, shall refuse or neglect to pay over any money which they may have received or collected in their official capacity. Code of 1873, §3961.

2. The legislature, by an act approved February 25, 1876, which is entitled " an act to amend section 3961 of Irwin's revised code of 1873," enacted that section 3961 of the code be altered and amended in the sixth line of said section by inserting in that line the words, " to collect," between the words " neglect " and " to pay;" so that the section, as amended, would read, " when they, or either of them, shall refuse or neglect to collect, to pay over any money which they may have received or collected in their official capacity." The compilers of the code of 1882

seem to have construed the amendment of 1876, rather than to have compiled the same from the statutes, and they have made section 3961 read, "when they, or either of them, shall refuse or neglect to collect or to pay over any money which they may have received or collected in their official capacity;" after the word collect, they have inserted the disjunctive conjunction "or" between the words "collect" and "to pay." The compilers probably construed the code and the amendment right, for to leave it as the original acts and amendments thereto have it, would be folly, and it is never to be presumed that the legislature would do a foolish thing; it was doubtless the intention of the legislature, by the amendment of the act of 1876, to afford parties a remedy against justices of the peace which they did not have, or an addition to the remedy provided by law before the amendatory act of 1876. The remedy by rule in the superior court against justices of the peace existed, where they had refused or neglected to pay over money which they had received or collected, at the time of the passage of the amendatory act of 25th of February, 1876. The mischief was, the law did not allow justices of the peace to be ruled for refusing or neglecting to collect claims placed in their hands. The amendment affords a remedy for this mischief, or was intended so to do. Code, §4, sub-sec. 9, lays down this rule: "In all interpretations, the courts shall look diligently for the intention of the general assembly, keeping in view at all times the old law, the evil and the remedy; grammatical errors shall not vitiate, and a transposition of words and clauses may be resorted to when the sentence or clause is without meaning as it stands." Construing these acts by this rule, we conclude that the compilers of the code of 1882 have properly construed these several acts as they have arranged the same in section 3961 of the code of 1882.

3, 4. A question as to the constitutionality of the amendatory act might be made, inasmuch as by art. 6, sec. 1, par. 1 of the constitution, code, §5128, it is declared that, "The

judicial powers of this State shall be vested in a Supreme Court, superior courts, courts of ordinary, justices of the peace, commissioned notaries public, and such other courts as have been or may be established by law." It is questionable whether one part of the judicial system of this State can be ruled and punished by another branch of the same system, but this question has not been made and argued before us in this case, and it is not decided. Allowing the acts and amendments thereto to be constitutional, the rule moved against the justice of the peace merely alleges that the officer failed and refused to enter a judgment and to issue execution thereon upon the claim placed in his hands. It fails to allege or show any loss or damage to the plaintiffs by reason of the failure, refusal or neglect of the magistrate to render judgment or issue execution thereon, and the answer of the magistrate merely responds to the allegations in the rule, and the verdict of the jury upon the traverse to the justice's answer but affirms the truth of the allegations in plaintiff's rule. A rule against an officer is a suit or action, and in this case, it is brought for the benefit of the plaintiff, and it should contain every allegation necessary to show the right of the plaintiffs to recover, as much so as if it was an ordinary action against the officer for neglect of duty; and a main allegation in such an action would be the loss to the plaintiffs by the failure, refusal or neglect of the officer; without such an allegation, the plaintiffs could not recover, and it is so in this case; so the court did right to refuse to make the rule absolute.

Judgment affirmed.