27360. LOWE *v.* ROBERTS *et al.*

DECIDED APRIL 7, 1939.

*Hewlett & Dennis, T. F. Bowden,* for plaintiff.
*Bryan & Mobley, Andrew A. Baumstark,* for defendants.

GUERRY, J. Mrs. Minnie C. Lowe brought her action in Fulton County, Georgia, against Goldstein & Netter, a partnership, residents of the State of Kentucky, and against the individual members of the partnership, and also against C. F. Roberts (correctly known as C. T. Roberts), a resident of Jones County, Georgia, for injuries sustained by reason of the alleged concurrent negligence of the defendants; the negligence alleged against Goldstein & Netter being that its agent, while driving their truck in Bibb County, Georgia, suddenly stopped the same without any warning, and

plaintiff was riding in a car immediately behind this truck, and caused the car in which she was riding also to stop suddenly, without having time to give any warning to drivers in her rear, and that C. F. Roberts was negligent in driving at an illegal rate of speed and ran into her car from the rear, causing the injuries complained of. Roberts filed a special appearance and demurred to the jurisdiction of the court on the ground that the act of 1937, page 732, had no application so as to give jurisdiction to any court over him save in the county of his residence, as to actions of this character. The trial judge passed the following order to which exceptions were taken, "Upon consideration of the motion to dismiss the above-stated case as to the defendant, C. F. Roberts, the same is sustained and said case is hereby dismissed as to C. F. Roberts, upon the ground that this court is without jurisdiction to try the case as to him, but that the superior court of Jones County, Georgia, the county of his residence, is the court that has jurisdiction of said case. The constitution provides that suits must be brought in the county of the defendant's residence with certain exceptions. One exception relates to persons jointly liable, who reside in different counties of the State. In that event the suit may be brought in the county of the residence of either of such defendants. Under the act of March 30, 1937 (Acts 1937, p. 732), suit against a non-resident defendant arising under the circumstances dealt with in said act may be filed in any county of the State. That act was intended to apply to non-resident defendants only, and not to permit a suit to be filed against a resident defendant and a non-resident defendant in a county other than that of the resident defendant." We adopt this order as the law applicable to the facts of this case and affirm the judgment sustaining the demurrer as to the defendant, Roberts.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*