37614.   TOMLINSON *v.* SADLER, by Next Friend.

DECIDED APRIL 23, 1959—REHEARING DENIED MAY 5, 1959.

*Edwin A. Carlisle,* for plaintiff in error.

*Cain & Smith,* contra.

TOWNSEND, Judge. ■ This defendant was served under Code (Ann.) § 68-808 (Ga. L. 1957, pp. 649, 650) amending the Nonresident Motorists Act (Ga. L. 1937, pp. 732 et seq.; Code Ch. 68-8) to give to the word "nonresident" the additional meaning that it shall include any person who shall cease to be a resident of this State at any time prior to the service of summons in any proceeding in which such person may have become involved by reason of his operation of a motor vehicle upon any of the highways of this State. From the pleadings and agreed statement of facts the following appears: an action was first filed by this plaintiff against this defendant, then a resident of Ware County, and Majorie T. Sadler, a resident of Grady County, in Grady County, Georgia, and the defendant was served by second original in the county of his residence on June 22, 1957. He was also a resident of Ware County at the time of the collision. He moved to St. Petersburg, Florida, on November 18, 1957. The original petition was dismissed by the plaintiff on February 19, the suit was refiled in Grady County on February 22, 1958, against this defendant only, and process was prayed in accordance with Chapter 68-8 of the Code Supplement. Service was perfected under Code (Ann.) § 68-802 by leaving a copy of the petition with process and the required fee in the hands of the Secretary of State of Georgia; notice of service and a copy of the process were sent by registered mail to the defendant at his Florida address and return receipts were received by the Secretary of State, forwarded to the plaintiff, and introduced in evidence without objection.

The defendant by his traverse and plea, demurrer to the plaintiff's response, and certain demurrers to the petition, attacked the constitutionality of various portions of the Nonresident Motorists Act as amended. The Supreme Court in *Tomlinson* v.

*Sadler,* 214 *Ga.* 671, 107 S. E. 2d 215, transferred the case to this court on the ground that the question of constitutionality of the statutes involved had not been properly raised. The validity of the act is therefore not in issue, and the only remaining question is its applicability to the facts of this case.

■ As pointed out above, Code (Ann.) § 68-808 enlarges the meaning of the word "nonresident" to include a defendant who, although a resident of the State at the time of the collision "shall cease to be a resident of this State at any time prior to the service of any summons or other lawful process in any action or proceeding against" such defendant. Code (Ann.) § 68-809 provides: "It is hereby declared to be the intent of the General Assembly that the purpose of section 68-808 is to provide a method for bringing suit against any person, firm or corporation who shall be involved in an accident or collision upon the highways, streets, and roads of this State, when such person, firm or corporation shall be a resident of this State at the time of such accident or collision, but shall cease to be a resident prior to the service of *a* summons or other process in any action or proceeding arising from . such accident or collision. The purpose of said section 68-808 is to supplement and not in any way limit the operation of the remainder of this Chapter." (Emphasis added). The Nonresident Motorists Act, being in derogation of common law, must be strictly construed. *Mull* v. *Taylor,* 68 *Ga. App.* 663 (23 S. E. 2d 595). In all interpretations of acts of the legislature, it is the duty of the courts to look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy. *Barrett & Caswell* v. *Pulliam,* 77 *Ga.* 552; *Atlantic Coast Line R. Co.* v. *State,* 135 *Ga.* 545 (69 S. E. 725, 32 L.R.A. (NS) 20), affirmed, 234 U.S. 280 (34 S. Ct. 829, 58 L. Ed. 1312); *Moore* v. *Baldwin County,* 209 *Ga.* 541 (74 S. E. 2d 449). The chapter as originally codified from the act of 1937 (Ga. L. 1937, p. 732 et seq.) affected nonresidents only, and it could not be applied, where there was a resident and a nonresident suable as joint tortfeasors, so as to change the venue of the action as against the resident defendant. *Lowe* v. *Roberts,* 59 *Ga. App.* 890 (2 S. E. 2d 748). Nor did the 1957 amendment (Code, Ann., § 68-808) have any such ef-

fect. *Hays* v. *Jones,* 81 *Ga. App.* 597 (59 S. E. 2d 404). Both the original act and the amendment were intended to give a plaintiff user of the highways of Georgia a county of venue within the State, where the collision occurred therein and where otherwise the plaintiff would be forced into the courts of another State to protect his rights. The original act treated only those defendants who were nonresident users of the highways of this State at the time of the collision. The amendment deals with those defendants who, although residents at that time, become nonresidents before process is served upon them. Applying the rules of construction above set forth, the amendment was intended to protect plaintiff users of the highways of this State against defendants who, after committing an act which would render them liable in damages to the injured person, become residents of another State and thus make it impossible to serve them in this State. Its purpose was not, we think, to penalize defendants who are residents of Georgia and who are actually served in an appropriate county of this State but thereafter, and after they have come under the jurisdiction of the courts of this State, bona fide change their residence (an act which would have no effect on the pending litigation) by allowing plaintiffs to take advantage of that situation so as to obtain venue in the county of the plaintiff's residence where he would otherwise be unable to do so. The law intended to give the plaintiff a remedy against defendants evading process in Georgia by means of a change of residence, not simply to give him a choice of a more advantageous place of venue. Both these suits are on the identical cause of action. The only difference between them was that in the first action the plaintiff obtained venue in Grady County by joining a codefendant who was a resident of that county; in the second he attempts to proceed against the defendant only, a person who was a resident of Georgia and a nonresident of Grady County at the time the first action was filed and he was served with process. This defendant did not become a nonresident "prior to the service of *a* summons or other process" as stated in the act, because he was served with process as to this cause of action while still a resident of Georgia. Code (Ann.) § 68-808 is not applicable under these circum-

stances, and the trial court erred in overruling the defendant's demurrer and special plea in bar raising this question. This being so, the remaining rulings of the trial court were nugatory, as the court was without jurisdiction to make any ruling going to the merits of the controversy.

The trial court erred in overruling the defendant's plea in bar.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*