## 50642. CITIZENS & SOUTHERN NATIONAL BANK v. YOUNGBLOOD et al.

MARSHALL, Judge.

Appellant, Citizens and Southern National Bank (hereinafter referred to as C & S), plaintiff below, brought action against appellee Youngblood, alleging Youngblood unjustly received $3,025 from C & S, as proceeds of a cashier's check made and issued by C & S to Youngblood. When Youngblood refused to return the proceeds of the check to C & S, the bank brought this suit for recovery. Appellant C & S appeals the order of the trial court sustaining Youngblood's motion to dismiss the complaint for failure to state a claim upon which relief could be granted.

The record indicates that Youngblood entered into a sales contract with one Crawford, a banking customer of C & S, for the sale of certain real estate in Richmond County, Georgia. In accordance with the terms of the contract of sale, on February 6, 1974, Crawford made and delivered to Youngblood a check in the amount of $3,025, drawn on C & S, as earnest money to be held in escrow by Youngblood pending the consummation of the purchase of the property. On that same day, February 6, 1974, Youngblood took Crawford's check to the C & S and purchased a cashier's check issued by C & S in the amount of $3,025, using Crawford's check as payment for the cashier's check. On February 7, 1974, C & S learned that Crawford had served upon it a stop payment order concerning the $3,025 check. On that same day C & S notified Youngblood that a stop payment order had been issued against Crawford's $3,025 check and demanded the return of the cashier's check issued the day before. It

further appears that the proposed sale of real estate was finally and completely aborted. Appellant C & S alleges Youngblood has been unjustly enriched in that he has the $3,025 as well as the property involved. *Held:*

Appellant bases its suit upon the theory of money had and received, a legal remedy involving the equitable principle that one ought not in equity and good conscience retain money where he would be enriched unjustly at the expense of another. Thus an action for money had and received is a substitute for a suit in equity. *Jasper School Dist. v. Gormley,* 184 Ga. 756 (193 SE 248). Under the circumstances of this case, appellant contends there is an implied agreement for its subrogation to Crawford's right of recovery of the proceeds of Crawford's check. *Glens Falls Indem. Co. v. Liberty Mut. Ins. Co.,* 202 Ga. 752 (44 SE2d 543).

We detect three errors in appellant's position. First, appellant erred to its own prejudice when it did not debit the account of its customer Crawford on February 6, 1974, with Crawford's $3,025 check. (There is no assertion that Crawford's account contained insufficient funds.) Secondly, Crawford's check had been accepted on February 6 by appellant as payment for its own cashier's check in the same account. It is clear, therefore, that Crawford's check had been paid in cash without any reservation of the right to revoke settlement. UCC 4-213 (1) (a) and (b) (Code Ann. § 109A-4—213 (1) (a) and (b)). Thus appellant erred to its own prejudice when it did not inform its customer Crawford, on February 7 that Crawford's stop payment order came too late. UCC 4-303 (1) (b) (Code Ann. § 109A-4—303 (1) (b)).

Finally, we perceived as the bank's mistake the honoring of its customer's stop payment *after* stop payment could no longer be made under UCC 4-303 (1) (b), supra. This is analogous to a bank's mistake in paying a drawer's check where the drawer had insufficient funds. In such cases, it has been said: "The drawer of a check, and not the holder who receives payment, is primarily responsible for the drawing out of funds from a bank. An overdraft is an act by reason of which the drawer and not the holder obtains money from the bank on his check. The holder therefore in the absence of fraud or express

understanding for repayment, has no concern with the question whether the drawer has funds in the bank to meet the check. The bank is estopped, as against him, from claiming that by its acceptance an overdraft occurred. A mere mistake is not sufficient to enable it to recover from him. Banks cannot always guard against fraud, but can guard against mistakes. It is therefore the general rule, sustained by almost universal authority, that a payment in the ordinary course of business of a check by a bank on which it is drawn under the mistaken belief that the drawer has funds in the bank subject to such check is not such a payment under a mistake of fact as will permit the bank to recover the money so paid from the recipient of such payment." Kirby v. First & Merchants Nat. Bank, 210 Va. 88, 93 (168 SE2d 273), quoting 7 Zollman, The Law of Banks and Banking, § 5062 (1936).

There was no error in the trial court's order to dismiss appellant's complaint for failure to state a claim upon which relief could be granted.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED MAY 6, 1975 — DECIDED SEPTEMBER 3, 1975.

*Congdon & Williams, W. Barry Williams,* for appellant.