## 56823. PERRY & COMPANY v. KNIGHT INSURANCE UNDERWRITERS, INC.

SHULMAN, Judge.

Appellant-Perry & Company, an insurance premium finance company, instituted legal proceedings seeking the return of unearned insurance premiums allegedly due by reason of appellant's exercising its power of attorney to cancel insurance coverage upon the default of various borrowers/insureds under various loan contracts. This appeal follows the grant of defendant-insurance company's and the denial of plaintiff-insurance premium finance company's respective motions for summary judgment.

1. Implicit in the trial court's order granting summary judgment in favor of the insurance company was a holding that the defendant-insurance company had fulfilled its statutory duty by returning the unearned premiums to the insurance agency/broker placing the insurance. We must take issue with this ruling.

Central to the controversy involved herein is the meaning of Code Ann. § 84-5313 (a) (Ga. L. 1969, pp. 561, 569, as amended). That section, as applicable when this cause of action arose, provided as follows: "Whenever a financed insurance contract is cancelled, the insurer, on written notice of such financing, shall return whatever

unearned premiums are due under the insurance contract to the premium finance company, either directly or via the agent, agency or broker placing the insurance, for the account of the insured or insureds."

As we read this statute, the insurance company's statutory obligation to the premium finance company is discharged by returning "unearned premiums. . .due under the insurance contract to the premium finance company . . . for the account of the insured or insureds." That the insurance company may return such premiums either directly or by way of ("via") the agent does not support the appellee's contention that the return of unearned premiums to the agent, agency or broker placing the insurance (as was done in this case) constituted return to the premium finance company and fulfilled the insurance company's statutory obligations. Cf. Denver & R. G. R. Co. v. DeWitt, 1 Colo. App. 419 (29 P 524), holding that "via" is never used to designate a terminal point, but rather is used to designate the means, method or way by which a thing is to be conveyed. See also Ga. L. 1976, pp. 1564, 1565, which amended Code Ann. § 84-5313 so as to clarify the insurance company's statutory duty by providing that the insurer electing to return unearned premiums to the premium finance company via the placing agency shall be directly liable to the premium finance company for all unearned premiums due and not properly returned. That amendment, by clarifying the intent of the legislature in its original enactment, affirms the correctness of our construction.

2. Appellee submits that the statute of limitation has expired as to 10 of appellant's 12 claims for unearned premiums and that, accordingly, summary judgment was properly entered as to these claims. We disagree.

Conceding that an action by an insured to recover unearned premiums upon the cancellation of an insurance policy is an action for money had and received, normally governed by the general four-year statute of limitation contained in Code Ann. § 3-706 (see, e.g., *Supreme Council Am. Legion of Honor v. Jordan,* 117 Ga. 808 (2) (45 SE 33)), Code Ann. § 3-706 is not applicable here.

Whether a suit for money had and received, assuming the premium finance company has standing to

bring such a suit, is barred by the four-year limitation period is irrelevant to the instant case. Suit here was brought on the independent statutory remedy afforded by Code Ann. § 84-5313 (a) and the claim for relief was predicated on the statutory obligation contained therein. We have construed the obligation under § 84-5313 (a) to require return of unearned premiums due to the premium finance company, regardless of whether such payments may have been made to the agent, agency or broker placing the insurance with the insurer. This statutory remedy is not a codification of a remedy existing at common law. Because the obligation is one arising solely from the statute, Code Ann. § 3-704, providing a 20-year limitation period, applies. See, e.g., *Bankers Fidelity Life Ins. Co. v. Oliver,* 106 Ga. App. 305, 310 (126 SE2d 887) (on motion for rehearing). Accordingly, the statute of limitation contained in Code Ann. § 3-706 will not bar this action.

3. For the reasons stated in this opinion, the trial court's order granting summary judgment in favor of the insurance company must be reversed with direction that summary judgment be entered in favor of the insurance premium finance company.

*Judgment reversed with direction. Quillian P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 30, 1978 — DECIDED FEBRUARY 22, 1979.

*Arrington, Rubin, Winter, Krischer & Goger, David E. Krischer,* for appellant.

*Cobb, Blandford & Werbin, John L. Blandford,* for appellee.