LOWE'S OF SANFORD, INC., PLAINTIFF v. MID-SOUTH BANK AND TRUST COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF v. BILLY T. GLADDEN, JR. AND BILLY T. GLADDEN, SR., FIRST THIRD-PARTY DEFENDANTS v. SOUTHERN NATIONAL BANK OF NORTH CAROLINA, SECOND THIRD-PARTY DEFENDANT v. HARRY E. WILSON, THIRD THIRD-PARTY DEFENDANT

No. 7911SC282

(Filed 18 December 1979)

**Banks and Banking § 10; Uniform Commercial Code § 34— cashier's check by bank to pay depositor's check—depositor's check worthless—liability of bank on cashier's check**

> Where defendant bank issued its own cashier's check in payment of a check to plaintiff drawn on an account of defendant's depositor, and the depositor subsequently took action which rendered its check worthless, the bank's issuance of its cashier's check constituted a final acceptance and an engagement by the bank to honor the cashier's check as presented without any right by the bank or anyone else to countermand the check. G.S. 25-3-418.

APPEAL by defendant (Mid-South) from *Preston, Judge*. Judgment entered 27 March 1979 in Superior Court, LEE County. Heard in the Court of Appeals 14 November 1979.

This is an action to recover the amount of a cashier's check issued by Mid-South Bank and Trust Company (hereinafter Mid-South) to Lowe's in exchange for a check in the same amount

payable to the order of Lowe's and drawn on Mid-South by G and G Builders.

In 1976, G and G was involved in a Lee County construction project. On or about 28 April 1976, G and G issued a check for $12,378.01 to Lowe's as payment for building materials. Lowe's presented the check to Mid-South for payment on 4 May and on 10 May. Both times the check was returned for insufficient funds.

G and G had been in financial difficulty for some time. Its account at Mid-South was frequently overdrawn. Consequently, all cashiers and tellers had been instructed not to pay any check drawn on the G and G account without approval of a bank officer. Mid-South alleges that Lowe's was aware of the financial difficulty.

On Friday, 14 May 1976, G and G obtained a loan of $36,695.05 from Southern National Bank (hereinafter Southern National). The full amount was placed in G and G's account at Southern National. Subsequently, G and G wrote a check for $21,000 on the Southern National account and deposited it with Mid-South.

Lowe's again presented its check from G and G to Mid-South on Monday, 17 May 1976. Without consulting an officer, a teller issued Mid-South's official check in exchange for the G and G check. Then, the next day before any checks reached Southern National, G and G withdrew its funds from that bank and prepaid their loan.

By paying the loan and depleting its account at Southern National, G and G rendered its check to Mid-South worthless. Mid-South learned of these events on Wednesday, 19 May, and informed Lowe's that it would not make payment on its cashier's check.

From a judgment granting Lowe's motion for summary judgment as to Mid-South and ordering that the bank honor its cashier's check, defendant appealed.

*McElwee, Hall, McElwee & Cannon, by William H. McElwee III, for plaintiff appellee.*

*McDermott & Parks, by O. Tracy Parks III, for defendant appellant.*

HILL, Judge.

A cashier's check is a bill of exchange drawn by a bank upon itself and *accepted* in advance by the act of its issuance and not subject to countermand either by its purchaser or by the issuing bank. The bank's issuance of the cashier's check, which by definition is also an acceptance, constitutes an engagement by the bank to honor the check as presented extinguishing the right of the bank or anyone else to countermand the check. *State of Pa. v. Curtiss Nat. Bank of Miami Springs, Fla.*, 427 F. 2d 395 (5th Cir. 1970). Acceptance of any instrument is final in favor of a holder in due course. G.S. 25-3-418. Lowe's was a holder in due course as defined by G.S. 25-3-302.

Cases from other jurisdictions support our holding that issuance of the cashier's check constituted a final acceptance. In *Citizens and Southern National Bank v. Youngblood*, 135 Ga. App. 638, 219 S.E. 2d 172 (1975), the plaintiff bank issued its cashier's check to defendant in exchange for a check drawn on plaintiff by one of its depositors. A stop-payment order on depositor's account had been overlooked, and plaintiff bank tried to recover from defendant. The court ruled that defendant was entitled to receive funds from the cashier's check, stating that,

> It is, therefore, the general rule, sustained by almost universal authority, that a payment in the ordinary course of business of a check by a bank on which it is drawn under the mistaken belief that the drawer has funds in the bank subject to such check is not such a payment under a mistake of fact as will permit the bank to recover the money so paid from the recipient of such payment. (citations omitted) *Youngblood*, at p. 640.

*Rosenbaum v. First National City Bank of New York*, 11 N.Y. 2d 845, 182 N.E. 2d 280 (1962), *reargument denied* 11 N.Y. 2d 1017 (1962), is also similar to our case factually. The distinction is that in *Rosenbaum* payment was made despite a stop-payment order rather than for the reason that the customer had insufficient funds in its account. There, the court stated that,

> The weight of authority holds that when a bank pays a check after and despite receiving a stop-payment order from its depositor it cannot recover on the check from the payee of

the check. (citations omitted) The same rule should apply with equal or greater force when the bank in payment of the check has issued its own cashier's check to the holder. *Rosenbaum*, at p. 846.

For the reasons stated above, the judgment below is

Affirmed.

Chief Judge MORRIS and Judge PARKER concur.