**In re Clytee Smith UNDERWOOD, d/b/a Clytee's Ladies Apparel, Debtor.**

**Jacob C. PONGETTI, Trustee, Plaintiff,**

v.

**The GROVE COMPANY, Defendant.**

Bankruptcy No. S80–10058.
Adv. No. S81–1059.

United States Bankruptcy Court,
N.D. Mississippi, E.D.

Nov. 9, 1982.

See also, 24 B.R. 503.

Jacob C. Pongetti, Columbus, Miss., for plaintiff/trustee.

Sam M. Reedy, Fulton, Miss., for debtor.

David R. Sparks, Tupelo, Miss., for defendant in each adversary proceeding.

## MEMORANDUM OPINION

EUGENE J. RAPHAEL, Bankruptcy Judge.

The debtor, CLYTEE SMITH UNDERWOOD, filed a petition under Chapter 7 of the 1978 Bankruptcy Code on February 8, 1980. On March 5, 1981, the trustee, as plaintiff, filed a complaint denominated "Objection to Claim and Counterclaim" against Defendant, a judgment creditor, seeking an order disallowing the judgment claim of said defendant as a lien claim upon the inventory of the debtor or the proceeds upon the sale thereof, or as a priority claim, but allowing such claim as an unsecured claim.

Defendant herein, as Plaintiff in the state court, was awarded a judgment against Debtor herein on January 15, 1980. Said judgment was enrolled in Tishomingo County, Mississippi, on the same day of its rendition, January 15, 1980. Both the ren-

---

dition and the enrollment of said judgment occurred within ninety days before the date of the filing of the petition herein.

The *debtor owned and operated a ladies'* ready-to-wear retail operation at the time she filed her petition under Chapter 7. Debtor had an inventory which was sold by the trustee for the sum of $12,250.00 by order of this court dated June 27, 1980. Under said order the aforesaid proceeds were substituted in the place and stead of the inventory pending determination by the court of the rights of the parties to the proceeds.

Defendant herein timely filed a claim in the amount of the aforementioned judgment, but said claim has neither been allowed nor disallowed.

It is clear that said judgment was obtained for the benefit of the creditor; that said judgment was obtained for or on account of an antecedent debt owed by Debtor before such judgment was rendered; that said judgment was rendered and enrolled while Debtor was insolvent; that if the rendition and enrolling of said judgment constitutes a transfer within the meaning of definition section 101(40) of the Bankruptcy Code, such transfer was made on or within ninety days before the date of the filing of the petition; that the judgment lien provided by state law enables the judgment creditor to receive more than such judgment creditor would receive if Defendant's claim were allowed as an unsecured claim under Chapter 7, the judgment lien had not been obtained, and such judgment creditor received payment of such debt to the extent provided by the provisions of Title 11.

The sole question in this case is a legal question: Does Defendant's judicial lien constitute a transfer which may be avoided under section 547 of the Bankruptcy Code?

Inasmuch as Debtor's Chapter 7 petition was filed herein after October 1, 1979, the effective date of the 1978 Bankruptcy Code, the provisions of said Bankruptcy Code govern herein. The definition section of the 1978 Bankruptcy Code is section 101 (11 U.S.C. section 101). Subsection (40) thereof statutorily defines transfer as follows:

Transfer means every mode, direct or indirect, absolute or conditional, voluntary or *involuntary* of disposing of or parting with property or with an interest in property, including retention of title as a security interest. (Emphasis supplied)

This new statutory definition is discussed by Collier in 4 Collier on Bankruptcy, para. 547.08, commencing at Page 547–28 (15th Edition 1982), which reads as follows:

Streamlining the language of its forerunner, section 547(b) now provides that the trustee may avoid "any transfer of property" of the debtor meeting its six requirements. Section 101(40), in turn, now comprehensively states that

" 'Transfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest."

... Many of the potentially limiting words from prior law have been deleted... It was held under the former Act that the method of transfer was immaterial, as long as the other elements of a preference existed. The courts pierced the form or method of transfer, resting their final determination upon the effect thereof. Accordingly, a transfer could be effected by ... the voluntary confession of judgment to a creditor whenever a lien upon the debtor's property resulted ... or any other device by means of which the debtor disposed of any portion of his estate. It should be noted that the present definition of transfer in section 101(40) covers ... both a voluntary and an *involuntary* disposal of property... (Emphasis supplied)

Although there is not an abundance of authority construing said recently adopted statutory redefinition of a transfer within the meaning of section 547, the well-reasoned opinion of the Bankruptcy Court for the District of New Jersey in *In the Matter of Jordan*, 5 B.R. 59, 6 B.C.D. 630, 631, (Bkrtcy.D.N.J.1980), reinforces Collier's rationale, whereunder it is logical to infer

that not only is a voluntary confession of judgment a transfer, but also that a judgment lien involuntarily obtained against a debtor constitutes a transfer. *In re Jordan* dealt with a factual situation involving a judgment which was entered outside the ninety day period, but the logic of the New Jersey Bankruptcy Court's opinion would call for a different holding had the judgment been obtained within the ninety-day period prior to the filing of the Bankruptcy petition. The pertinent questions posed by the court in the *Jordan* case were: "May the levy be avoided under section 547 of the Code? Does Borda's judgment and levy constitute a judicial lien which may be avoided under section 522(f) of the Code?"

The court in said case answered said questions as follows:

A docketed judgment in the Superior Court ... constitutes a lien ... from the date of entry ... accordingly, within the meaning of section 547(e)(1) and (2), the transfer in question occurred at the time the judgment was entered which was outside the 90 day period.

Notwithstanding the limited number of cases decided on this point since the effective date of the 1978 Bankruptcy Code, said quoted authorities are persuasive in the instant case.

This court holds that the judgment lien created by the rendition and enrollment of said state court judgment on January 15, 1980, constituted a preferential transfer and that said preferential transfer should be avoided pursuant to section 547(b) of the 1978 Bankruptcy Code.

An order will be entered accordingly.