In re ARCHIE CAMPBELL, INC., Debtor.

Cheryl ELLIS, Trustee, Plaintiff,

v.

STATE BANK OF TOWNER, NORTH DAKOTA; Bodinger Sand & Gravel; Credit Bureau of Devils Lake; Rockford Theater; Decker Auto Glass; Crossroads Service; Cummins Diesel Sales, Inc.; Modern Machine Works; North Dakota Telephone Co.; Eide, Helmeke, Boelz & Pasch; Lies Oil Co.; Town & County Motors, Inc.; Farmers Union Oil Co.; Foster's GTC Auto Parts, Inc.; PFAU Bros. Auto Body; Coast To Coast Store; Viking Electric; Otter Tail Power Co.; Montana-Dakota Utilities Co.; Surplus Tractor Company; Xerox Corporation; Clarence G. Peterson; John R. Peterson; Dakota Bank & Trust; Pension Fund; Border States Paving, Inc.; and Fargo Culvert Co., Defendants.

STATE BANK OF TOWNER, Defendant and Third Party Plaintiff,

v.

Lyle SAMPSON; Vernon C. Jensen, Richard L. Johnson; Norman C. Anderson; Donald M. Schafer, Charles Richter; and Daniel Rimmereid, Third Party Defendants.

Bankruptcy No. 81–05362.
Adv. No. 82–7438.

United States Bankruptcy Court, D. North Dakota.

Aug. 17, 1984.

Edward F. Klinger, Moorhead, Minn., Trustee.

Joseph A. Turman, Fargo, N.D., for Fargo Culvert.

Jon Brakke, Fargo, N.D., for Dakota Bank.

James J. Coles, Bismarck, N.D., for Lies Oil.

Richard Olson, Minot, N.D., for Bank of Towner.

Daniel Wentz, Fargo, N.D., for Sampson, Jenson, Johnson and Schafer.

Max Rosenberg, Bismarck, N.D., for Anderson, Richter and Rimmereid.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The present bankruptcy proceeding was commenced by an involuntary petition filed with the Court on August 7, 1981. The Court entered an Order For Relief on August 31, 1981, and Cheryl Ellis was subsequently appointed as Trustee charged with the duties of administering the bankruptcy estate. Ellis filed a Complaint with the Court in the above-entitled adversary proceeding on December 16, 1982. The Trustee seeks under the Complaint to recover various alleged preferential payments made by the Debtor immediately prior to the commencement of the bankruptcy proceeding. The Defendant, Fargo Culvert Company, interposed an answer with the Court on January 6, 1983. The Defendant, Dakota Bank & Trust Company, filed its answer with the Court on January 14, 1983. A final hearing was held in this matter before the undersigned on June 7, 1984, at Fargo, North Dakota.

### FINDINGS OF FACT

1. Fargo Culvert Company.

On December 5, 1980, Archie Campbell made a payment on its account with Fargo Culvert Company reducing its outstanding obligation to $4,170.58. Fargo Culvert Company informed Archie Campbell at that time that it would continue to do business with Archie Campbell on a cash only basis. Archie Campbell later issued a check dated April 10, 1981, to Fargo Culvert for the full amount of its outstanding obligation. Fargo Culvert deposited the check in its account, and on April 28, 1981, the check was returned unpaid for lack of sufficient funds in the Debtor's account. Fargo Culvert then placed the check for collection with the Debtor's bank. Fargo Culvert subsequently received payment by a cashier's check dated June 15, 1981, from the bank. The office manager for Fargo Culvert testified that its business records indicated that the check was received on June 10, 1981.

2. Construction Employees Pension Fund.

A pension plan was formulated by the trustees of the Construction Employees Pension Fund for participation in by members of the Associated General Contractors of North Dakota or members of the Associated General Contractors of Minnesota. Through an agreement executed June 22, 1978, the Debtor, Archie Campbell, Inc., agreed to participate in the pension plan

**418**

formulated by the trustees of the Construction Employees Pension Fund. Archie Campbell's primary purpose for participating in the pension plan was to comply with federal statutes and regulations concerning dealings with, and payments to, employees of companies engaged in federally funded construction projects. Dakota Bank & Trust Company acted as an administrative agent for the pension fund, collecting contributions from the employers and forwarding those contributions to the designated funding agent for the pension plan, Prudential Insurance Company.

On August 24, 1981, the Debtor obtained a $52,000.00 loan from the First State Bank of New Rockford. The purpose of this loan was to permit Archie Campbell to pay Social Security withholding benefits and also pay contributions due to the pension fund for work completed by Archie Campbell's employees during 1980. The pension fund was paid by way of a cashier's check issued by the First State Bank of New Rockford on August 24, 1981, in the sum of $37,691.22. The cashier's check was negotiated by Dakota Bank & Trust Company and the proceeds forwarded to Prudential Insurance Company, the funding agent for the pension plan.

### CONCLUSIONS OF LAW

■ A transfer is preferential if each of the following six elements are present:

1. A transfer of the debtor's property.
2. Within 90 days of bankruptcy.
3. Made to or for the benefit of the creditor.
4. On account of an antecedent debt.
5. While the debtor was insolvent.
6. Enabling the creditor to receive more than it would have received if the transfer had not been made.

11 U.S.C. § 547(b). At the outset, a preferential transfer under section 547(b) of the Bankruptcy Code must be a transfer of property of the debtor. Such a transfer has been found where a mortgage on the debtor's property is given to a creditor. *See In re Lyon,* 35 B.R. 759 (Bankr.D.Kan.

1982); *In re Steele,* 27 B.R. 474 (Bankr.W. D.Wis.1983). A transfer of the debtor's property has also been found when a judicial lien is placed upon the debtor's property within the preference period. *See In re Evans* 30 B.R. 744 (Bankr.N.D.Ohio 1983); *In re Underwood,* 24 B.R. 501 (Bankr.N.D. Miss.1982). It has been determined that a levy by the sheriff on a debtor's bank account is a transfer of the debtor's property for preference purposes. *See In re Cosmopolitan Aviation Corp.,* 34 B.R. 592 (Bankr.E.D.N.Y.1983). Similarly, funds garnished from a debtor's bank account was determined to be a transfer of the debtor's property. *See In re Bennett,* 35 B.R. 357 (Bankr.N.D.Ill.1984). A transfer of the debtor's property is routinely found where there is delivery or payment of a check issued by the debtor. *See Shamrock Golf Company v. Richcraft, Inc.,* 680 F.2d 645 (9th Cir.1982); *In re Isis Foods, Inc.,* 37 B.R. 334, (D.W.D.Mo.1984); and *In re Blanton Smith Corp.,* 37 B.R. 303 (Bankr. M.D.Tenn.1984). Dakota Bank & Trust Company asserts in this instance that the payment to the pension fund was not a transfer of the debtor's property because the transferred funds were proceeds of a loan given to the Debtors which was conditioned on use of those proceeds specifically for payment to the pension fund. *See In re Hudson Valley Quality Meats, Inc.,* 29 B.R. 67, 78 (Bankr.N.D.N.Y.1982) ("[I]f a creditor receives a transfer of property from the debtor which never became the debtor's property because it was 'earmarked' for or designated to go to such creditor by a third party, no question of a preference arises."). This Court is not convinced that loan proceeds do not become property of the debtor merely because they are "earmarked" for a special purpose, especially when the debtor is obligated to repay the loan. Nevertheless, the present dispute involves more than a mere designation by a third party to the debtor as to the disposition of loan proceeds.

■ The Construction Employees Pension Fund and Fargo Culvert Company both received payment by way of a cash-

ier's check. A cashier's check is uniformly recognized to be a bill of exchange drawn by a bank upon itself and accepted in advance by the act of issuance. *See Perkins State Bank v. Connolly,* 632 F.2d 1306 (5th Cir.1980); *Munson v. American National Bank & Trust Company of Chicago,* 484 F.2d 620 (7th Cir.1973); and *In re Henrickson,* 14 B.R. 474 (Bankr.D.Minn. 1981). Courts have not agreed as to a bank customer's right to stop payment on a cashier's check or as to what extent a bank may raise defenses to payment of a cashier's check. *See Wood v. Central Bank of the South,* 435 So.2d 1287 (Ala.Civ.App. 1982); *Rezapolvi v. First National Bank of Maryland,* 35 U.C.C.Rep.Serv. 1559 (Md. 1983); *Louis Falcigno Enterprises, Inc. v. Massachusetts Bank & Trust Co.,* 14 Mass.App. 92, 436 N.E.2d 993 (1982); *Santos v. First National State Bank of New Jersey,* 186 N.J.Super. 52, 451 A.2d 401 (App.Div.1982); *Dziurak v. Chase Manhattan Bank, N.A.,* 58 App.Div.2d 103, 396 N.Y.S.2d 414 (N.Y.App.Div.1977), *aff'd* 44 N.Y.2d 776, 406 N.Y.S.2d 30, 377 N.E.2d 474 (1978). While a bank's defenses to payment of a cashier's check may vary from jurisdiction to jurisdiction, all courts acknowledge that a cashier's check is the obligation of the bank which issues it and is not an item payable from a customer's account. *Wood v. Central Bank of the South,* 435 So.2d at 1290. *See also Lowe's of Sanford, Inc. v. Mid-South Bank & Trust Co.,* 44 N.C.App. 365, 260 S.E.2d 801 (N.C.Ct.App.1979). It is likely that the courts of North Dakota would recognize this uniform definition of a cashier's check when confronted with the issue. This Court must also find, therefore, that payment by a cashier's check is a transfer of the issuing bank's funds.

In the decision *In re Standard Food Services, Inc.,* 723 F.2d 820 (11th Cir.1984), the Court of Appeals affirmed a District Court finding that a payment by cashier's check was a preferential transfer of the debtor's funds for the benefit of its creditor. The holding in *In re Standard Food Services, Inc.,* however, failed to recognize the true nature of a cashier's check.

The Court must find in this instance that the banks' issuance of checks to Fargo Culvert Company and to the Pension Fund were voluntary transfers of their own funds. Since the transfer of funds to Fargo Culvert Company and to the Pension Fund was not in either case a transfer of the Debtor's property, this Court must find that the Plaintiff has failed to prove the elements of its claim under section 547(b) against these Defendants.

Accordingly, and for the reasons stated, IT IS ORDERED:

That the Trustee's claims for relief against Fargo Culvert Company and the Construction Employees Pension Fund administered by the Dakota Bank & Trust Company be dismissed.