73803. CAPITOL PREMIUM PLAN, INC. et al. v. INTEGRITY
INSURANCE COMPANY et al.
(356 SE2d 897)

BANKE, Presiding Judge.

Appellant Capitol Premium Plan, Inc., an insurance premium finance company, brought this action pursuant to former OCGA § 33-22-14 (a) to recover unearned insurance premiums it had allegedly paid on a number of cancelled policies. Named as defendants were the appellee, Integrity Insurance Company, and Overseas and Domestic Underwriters, Ltd., (O & D), a general insurance agency which placed coverage with various insurers including appellee.

The policies in question were sold to various purchasers by Eric Holston, a local or "producing" insurance agent of O & D. Under the arrangement which led to this lawsuit, Holston "produced" applicants for new insurance, and O & D, the general agent, placed the coverage with the appellee, Integrity. Capitol then financed the premiums, paying the money to Holston rather than directly to O & D or to Integrity. Holston apparently absconded with the funds rather than forwarding them to O & D, whereupon O & D used its own money to make the premium payments to Integrity. When Integrity later cancelled the policies, it returned all of the unearned premiums to O & D. Capitol filed the present action against both Integrity and O & D to recover these amounts. It appeals the grant of Integrity's motion for summary judgment. A motion for summary judgment filed by O & D was denied, and the case remains pending against that firm in the trial court. *Held:*

Former OCGA § 33-22-14 (a), which was in effect at all times relevant to this litigation, provided in pertinent part: "Whenever a financed insurance contract is cancelled, the insurer, *on written no-*

*tice of the financing,* shall return whatever unearned premiums are due under the insurance contract to the premium finance company, either directly or via the agent, agency, or broker placing the insurance, for the account of the insured or insureds; provided, however, if the insurer elects to return such unearned premiums to the premium finance company for the account of the insured or insureds, via the agent, agency, or broker placing the insurance, the insurer shall be directly responsible to the premium finance company for any and all unearned premiums due to the premium finance company under the contract which are not properly returned to the premium finance company. . . ." (Emphasis supplied.)

Integrity argues that based on this court's decision in *Intl. Indem. Co. v. Bakco Acceptance,* 172 Ga. App. 28 (322 SE2d 78) (1984), it cannot be adjudged liable to Capitol because the evidence shows without dispute that it never received or held any money belonging to Capitol. We disagree. Unlike the evidence in *Bakco,* the evidence in the case before us would authorize a finding that Capitol paid the premium loans to Holston at the specific request of the insurance company's general agent, O & D, to enable it to simplify its accounting procedures; and that such an arrangement was atypical of Capitol's normal operating procedures. Thus, O & D may reasonably be considered accountable for Holston's misappropriation of Capitol's money, and the premium payments O & D sent to Integrity may reasonably be considered attributable to Capitol's having issued the premium loan. In *Bakco,* on the other hand, there was evidence that the premium finance company had an ongoing, special relationship with the producer or sales agent (Holston, in the present case), in that the finance company had, unbeknownst to the insurance company's general agent O & D, in the present case), authorized the producer to write drafts on its account. Thus, in *Bakco* the general agent was in no way responsible for the producer's having received the money from the premium finance company, whereas in the present case the general agent instructed the premium finance company to remit the payment in this manner. Moreover, the general agent's principal officer acknowledged in his deposition that he had received written notice that the premiums had been financed. Because it further appears from his deposition that Integrity had no employees in Georgia and that O & D was its representative here, O & D's receipt of this written notice may reasonably be imputed to Integrity. Accordingly, we conclude that *Bakco* is not controlling in the present case and that Integrity was not entitled to summary judgment.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED APRIL 14, 1987.

*Charles C. Stebbins III*, for appellants.
*H. Andrew Owen, Jr., Jeffrey F. Leasendale*, for appellees.